# McClarin v. Anderson.

*Bill in Equity to set aside Fraudulent Conveyance.*

1. *Bill to set aside fraudulent conveyance; personal representative of
deceased fraudulent grantor not a necessary party.*—The personal re-
presentative of a deceased fraudulent grantor is not a necessary
party to a bill in equity filed by a creditor of such deceased grantor
to set aside the conveyance.

2. *Same; when the debtor's ownership of other property is immaterial.*
Under the statute giving a simple contract creditor the right to
subject property fraudulently conveyed, or attempted to be fraudulent-
ly conveyed, he is authorized to proceed without regard to the exis-
tence of other legal assets, and the issue as to the debtor's ownership
of other property is therefore immaterial.

3. *Fraudulent conveyance; what is.*—A conveyance of property sub-
ject to a judgment, made by the judgment debtor to a stranger, upon
a simulated consideration, when the real consideration is that the
donee will convey it to the debtor's wife upon a simulated considera-
tion, is, in construction of law, a disposition in fraud of the rights of
existing creditors.

4. *Scope of judgment setting aside sale of land under execution; when
claim of homestead is not involved in adjudication.*—Where a sale of
land under execution was set aside on the ground that it was irre-

gular and voidable, because it occurred after a claim of homestead exemption had been regularly interposed, and was not contested, the order setting aside the sale involved no adjudication that any of the land claimed constituted a homestead,--that being a question to be tried upon a contest of the claim.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. WM. H. TAYLOE.

This was a bill in equity filed by the appellee, Thomas Anderson, against the appellant, Mary J. McClarin, the widow of Robert McClarin, deceased, to have set aside as fraudulent and void a conveyance of land executed by said Robert McClarin and Mary J. McClarin to James Robertson, and another conveyance executed by said James Robertson to the defendant, Mary J. McClarin, and to subject the property covered by these conveyances to the payment of a judgment recovered by the complainant against said Robert McClarin in his life-time. The averments of the bill, the demurrers interposed by the defendant to it, and the rulings of the court on these demurrers and on the defendant's motion to dismiss the bill for want of equity, are set out in the report of the case on a former appeal. 104 Ala. 201. One of the grounds of demurrer was that the personal representative of Robert McClarin, deceased, was not made a party to the bill. After the decision of this court on that appeal, the defendant filed an answer, in which she denied the charges of fraud contained in the bill, and further denied that the property described in said deeds was all, or substantially all, of the property owned by said Robert McClarin, deceased, when said deeds were executed. It was further set up by the answer that the land sought to be subjected had been adjudged, by the action of the City Court of Mobile, as described in the bill, to be exempt to the said Robert McClarin as his homestead, as against any claim of the complainant; and the defendant made her answer a cross-bill, and prayed that the defendant be enjoined from further proceedings in law or equity to subject said lands to the satisfaction of said judgment against Robert McClarin, deceased. The opinion indicates what was shown by the evidence as to the consideration of the two deeds sought to be set aside. There was evidence for the defendant that at the time of

[McClarin v. Anderson.]

the execution of said deeds said Robert McClarin owned other property in the city of Mobile, the value of which was greater than the amount of the judgment recovered against him by the complainant.

On the final submission of the cause on the pleadings and proof the chancellor decreed that the defendant was not entitled to relief under her cross-bill, but that the complainant was entitled to relief under his original bill, and declared that the deed from Robert McClarin and wife to James Robertson and the one from James Robertson and wife to Mary J. McClarin were fraudulent and void, and ordered that they be set aside and held for naught, that a lien be declared in favor of the complainant in the original bill on the lands described in the said deed for the principal and interest due to complainant on his judgment against Robert McLarin, and ordered a reference to the register to ascertain the amount so due. Upon the register making his report, which was confirmed, a decree was rendered that the complainant was entitled to have all the property described in the bill subjected to the payment of this judgment, except that which was occupied as a homestead by the defendant. From this decree the present appeal is prosecuted, and the respondent assigns as error the former decree of the chancellor overruling her demurrers to the bill and the rendition of the final decree.

FREDERICK G. BROMBERG, for appellant.

McCARRON & LEWIS and SAMUEL B. BROWNE, contra.

HEAD, J.—1. The personal representative of the deceased fraudulent grantor had no interest whatever in the property fraudulently conveyed (*Davis v. Swanson, Admr.*, 54 Ala. 277) ; and it is now the rule of decision in this court that he is not a necessary party in cases of this kind (*Staton, et. al. v. Rising*, 103 Ala. 454) ; and the reasoning of the following cases leads to the same results : *Coffee Admr. v. Norwood*, 81 Ala. 517 ; *Handley v. Heflin*, 84 Ala. 600.

2. Unaffected by statute, the rule was and is that a creditor seeking to subject equitable assets must aver and prove that he has exhausted his legal remedies, or that there is a deficiency of legal assets. The statute,

however, which authorizes a simple contract creditor to subject property fraudulently conveyed, or attempted to be fraudulently conveyed by the debtor,changes the rule, in cases of that kind, and authorizes the creditor to proceed without regard to the existence of other legal assets.   Hence,the issue as to the ownership of the debtor of other property is immaterial.   If the conveyance assailed in this case could be said, under the facts, to have been merely voluntary, and not actually fraudulent, they were, nevertheless, in construction of law, dispositions in fraud of the rights of existing creditors.   It would require, however, a struggle with the conscience to say that a conveyance, made.by a judgment debtor,of property subject to the judgment, and of the value of this property, to a stranger, upon a simulated consideration of $900, when the real consideration was that the donee would convey it to the debtor's wife upon a simulated consideration,was not infected with an actually fraudulent intent.

3.   There was,in the  judgment rendered by this court, setting aside the sale under execution (81 'Ala. 106) no element of an adjudication that all the property sold, or any of it, for that matter, belonged to the debtor's actual homestead.   It adjudicated nothing but the irregularity and voidable character of the sale, arising from the fact that it occurred after the claim of homestead had been regularly interposed, and not contested. Whether or not the land, or any part thereof, really constituted an exempt homestead, was a question to be tried upon the contest of the claim.   It appears that this court, probably through inadvertance, set aside the entire sale made by the sheriff, at the same time, under the same process, for the reason above stated, when, in fact, as shown by the record, there were separate sales of parts of the land, which were not included in the claim of homestead exemption.   We say the court probably acted upon the misapprehension that all the property sold had been claimed as exempt, but, however that may be, there was clearly no adjudication that any of the land constituted a homestead.

On the former appeal in this case (104 Ala. 201), we held that the subsequent action of the City Court sustaining the demurrer (or that which was called a demurrer) to the plaintiff's contest of the debtor's claim of

[Hundley *et al.* v. Chadick.]

homestead, was an adjudication of the validity of that claim, and the chancellor, following that decision, condemned only that part of the land not embraced therein.

There was manifestly no error in the chancellor's decree, and it is

Affirmed.