# McFaddin *et al. v.* McFaddin.

*Bill in Equity to subject Lands Fraudulently Conveyed to Payment of Decree for Alimony.*

1. *Decree for alimony; complainant thereby becomes creditor and can maintain bill to set aside fraudulent conveyance.*—Under a decree in a suit for divorce by a wife, granting the divorce prayed for and alimony, the complainant becomes a creditor of the respondent husband as of the date of the rendition of

22c

[McFaddin *et al.* v. McFaddin.]

said decree; and under a bill subsequently filed by the complainant in said divorce suit, to subject lands alleged to be owned by her former husband, to the payment of said decree, which avers that prior to the rendition of the decree granting divorce and alimony, the husband purchased certain lands for which he paid the purchase price, but had the same conveyed to his daughter with the intent to hinder, delay and defraud the complainant, and with the purpose to defeat her in the assertion of any claim she might subsequently reduce to judgment for her support and maintenance as his wife by way of alimony or otherwise, he having at that time abandoned her, there are presented facts which show the conveyance from the husband to his daughter to be fraudulent and void as against the complainant, although she was not, at the time of such conveyance, an existing creditor; and the grantee in such conveyance may not have participated in the grantor's covinous intent, and such a bill contains equity.

2. *Judgment rendered by court of another State presumptively binding and conclusive evidence until impeached for fraud.* A judgment or decree rendered by a court in another State is presumptively a valid and binding judgment, and as between the plaintiff in said suit and the defendant or one claiming under him by virtue of an alleged fraudulent agreement, such judgment or decree is, until impeached for fraud or collusion, conclusive evidence of a debt existing at the time of its rendition.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellee, Margaret McFaddin, against the appellants, David A. McFaddin and Susanna Duckworth. It was averred in the bill that on March 4, 1884, the complainant intermarried with the defendant David McFaddin in the county of Posey, State of Indiana, and they lived together as husband and wife until July 20, 1899, when David A. McFaddin abandoned the complainant and moved to Madison county, Alabama; that on February 22, 1900, in response to a bill filed by the complainant, the circuit court of Posey county, Indiana, rendered a decree dissolving the bonds of matrimony existing between the complainant and the said David A. McFaddin, thereby granting her a divorce *a vinculo matrimonii* from said

David A. McFaddin "and granting her alimony in the sum of one thousand dollars and attorney's fees," which decree was entered of record; that at the time of the abandonment, the complainant, David A. McFaddin, owned a large estate in Posey county, Indiana, and after so abandoning his wife, he converted said estate into money with the "preconceived intention to so dispose of his property that the same could not be reached by complainant in proceedings at law for her support and maintenance or for the payment of any alimony in divorce proceedings." It was then further averred in the bill that "In the execution of said preconceived intention to deprive your oratrix of any means of support and maintenance, the said David A. McFaddin fraudulently invested the sum of money realized from the property so held by him in the county of Posey, State of Indiana, in lands situated in the county of Madison, State of Alabama, and with the fraudulent intent aforesaid, and for the purpose of hindering and delaying your oratrix in the collection of any decree that might thereafter be rendered against him, and for the purpose of preventing your oratrix from instituting any proceeding requiring the defendant to so maintain and provide for her as he is by law required so to do, on or about the 3d day of August, 1899, purchased from Henry H. Sugg, Junior, and others," certain lands specifically described in the complaint. It was then averred that said David A. McFaddin paid the purchase money for said real estate out of the money realized by him from the sale of said property in Posey county, Indiana; but that the title to such real estate was taken in the name of Susanna Duckworth, the daughter of said McFaddin, for the purpose of concealing his said property, and for the purpose of defrauding complainant, and for the purpose of defeating the liability then existing between him for her said support and maintenance as decreed by the decree in the divorce proceedings; that said McFaddin owns no other property than that described in the bill; and held by him in the name of Susanna Duckworth, out of which the decree in favor of complainant can be collected.

The prayer of the bill was that the lands described

in the bill be declared to be the property of David A. McFaddin, and as such that they be subjected to the payment of the decree in favor of complainant.

To this bill the defendants demurred upon the following, among other grounds: 1. The bill shows that the court assuming to grant the divorce and render the decree for alimony was without jurisdiction to decree the divorce, the parties both being citizens of Alabama, wherefore the decree of divorce is void and the bill is without equity. 2. The bill is without equity in that it a bill for alimony, and shows upon its face that a divorce *a vinculo* has been granted for the complainant against the respondent McFaddin. 3. The bill is fatally defective, because it is a bill merely for alimony and sets out no grounds of complaint on the part of the complainant entitling her to alimony from the respondent McFaddin. 4. The bill seeks to enforce a decree for alimony, and is without equity in that alimony is not a debt, or a decree for alimony can not be enforced as a debt. 5. The bill is a suit upon a judgment or decree and fails to set out the judgment or decree substantially. 6. The bill seeks to set aside an alleged fraudulent conveyance, whereas it shows that the complainant is not a creditor of the defendant, wherefore the bill will not lie. 7. The bill is wanting in equity in that it seeks to set aside an alleged fraudulent conveyance because the money that was used in the purchase of the property was the money of a married man whose wife had a prospective claim for alimony against him. 8. The bill shows that when the lands were purchased, not only no suit for divorce or alimony was pending, but that no grounds for divorce or alimony existed, wherefore fraud can not be predicated upon the use of the funds in the manner alleged in the bill. 9. The bill fails to show that the respondent, Duckworth, knew of or participated in the alleged fraudulent transaction of the respondent, McFaddin, wherefore the transaction sought to be impeached was not fraudulent as to her."

Upon the submission of the cause upon these demurrers, the court rendered a decree overruling them.

From this decree the defendants appeal, and assign as error the several rulings of the trial court to which exseptions were reserved.

TANCRED BETTS, for appellants, cited *Edwards v. Edwards,* 84 Ala. 361; *Murray v. Murray,* 84 Ala. 363; *Golden v. Golden,* 102 Ala. 363; *Downey v. Downey,* 98 Ala. 373; *Williams v. Spraggins,* 102 Ala.424; *Pollak v. Searcy,* 84 Ala. 259; *Wedgworth v. Wedgworth,* 84 Ala. 274.

COOPER & FOSTER, *contra.*—A decree for alimony is a judgment, and the wife occupies the relation of a judgment creditor.—*Wetmore v. Wetmore,* 149 N. Y. 520; s. c. 52 Am. St. Rep. 752; *Conrad v. Everich,* 40 Am. St. 679.

The said circuit court of Posey county, Indiana, regularly adjudged that sufficient causes for divorce existed, and rendered its decree dissolving the bonds of matrimony and granting alimony to complainant. Therefore, the 8th and 9th grounds of demurrer are without merit, as the court cannot inquire into the merits of that decree.—Const. U. S., Art. IV, § 1; *Mills v. Duryee,* 7 Cranch. 481; *Huntington v. Attrill,* 146 U. S. 657; *Bogan v. Hamilton,* 90 Ala. 454; *Peet v. Hatcher,* 112 Ala. 514; 13 Am. & Eng. Ency. Law, pp. 983 and 1021.

McCLELLAN, C. J.—Under the decree of the circuit court of Posey county, Indiana, rendered on February 22, 1900, in favor of the complainant, in that suit and this, Margaret McFaddin, against the respondent, David A. McFaddin, of divorce and for alimony and counsel fees, the complainant became a creditor, as of the date of its rendition, of the respondent McFaddin. In respect of the conveyance by the Suggs to the respondent, Susanna Duckworth, alleged to have been made on a consideration paid by the respondent McFaddin, the complainant was and is a subsequent creditor. The bill thus showing that Duckworth paid nothing and was the grantee in a voluntary conveyance, further alleges that David McFaddin entered into this transaction, paid

the consideration for the land and had the same conveyed to Duckworth with the intent to hinder, delay or defraud the complainant and with a purpose to defeat her in the assertion of any claim she might subsequently perfect and reduce to judgment for her support and maintenance as his wife by way of alimony or otherwise, he having, according to the averments of the bill, abandoned her. On the facts thus presented the conveyance was fraudulent and void as against this complainant although she was not a then existing creditor; and this though Duckworth, the voluntary grantee, may not have participated in McFaddin's covinous intent.—*Seals v. Robinson,* 75 Ala. 363; *Dickson v. McLarney,* 97 Ala. 383, and authorities there cited; *Williams v. Spraggins et al.,* 102 Ala. 424; *Echols v. Pearring Bros. & Co.,* 107 Ala. 660.

The judgment or decree of the Indiana court is presumptively a valid and binding judgment, and as between the complainant and Duckworth as well as between the former and David McFaddin it is, until impeached for fraud or collusion, conclusive evidence of a debt existing at the time of its rendition.—*Pickett v. Pipkin,* 64 Ala. 520.

We deem it unnecessary to decide whether the facts averred in the bill put the complainant on the footing of an existing creditor at the time of the conveyance to Susanna Duckworth.

The bill has equity and is not open to the objections taken by the demurrer; and the decree overruling the motion to dismiss and the demurrer is affirmed.