158 So. 526

### WATSON et al. v. WATSON.
4 Div. 793.

Supreme Court of Alabama.
Dec. 20, 1934.

Rehearing Denied Jan. 24, 1935.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

GARDNER, Justice.

Complainant was the wife of J. P. Watson, from whom she obtained an absolute divorce; the matter of temporary alimony here being reviewed in Ex parte Watson, 220 Ala. 409, 125 So. 669, and the final decree affirmed in Watson v. Watson, 224 Ala. 708, 140 So. 923.

The present bill seeks to have set aside a transfer of personalty to Watson Bros., Inc., and a conveyance of real estate from said J. P. Watson. to D. L. Watson, his brother, as made for the purpose of hindering, delaying, or defrauding her in the collection of alimony awarded. McFaddin v. McFaddin, 134 Ala. 337, 32 So. 719; Hinds v. Hinds, 80 Ala. 225; 19 Corpus Juris, 318.

The bill discloses a sale of substantially all the real estate by J. P. Watson to his brother under a conspiracy formed between them to hinder, delay, or defraud complainant of her alimony, to which the court had decreed her entitled, the conveyance being without consideration; the grantee being a party to and having knowledge of said fraudulent intent. The averments of the bill, in connection with the exhibits thereto annexed, disclose that at the time of such conveyance the court had decreed complainant entitled to permanent alimony. The bill in this aspect was not subject to any ground of demurrer interposed thereto. Hinds v. Hinds, supra; McFaddin v. McFaddin, supra; 27 Corpus Juris, 478; 19 Corpus Juris, 318.

As to the transfer of personalty to the corporation, the averments are of a very general character. Construing them against the pleader, it may be said they are consistent with the theory that the transferee was an existing creditor in an amount equal to the value of the property, and that the conveyance was made to satisfy the debt. It is of course not sufficient to merely allege that a conveyance was fraudulent or made to hinder, delay, or defraud creditors. Crisp v. First National Bank, 224 Ala. 72, 139 So. 213, with particular reference to paragraphs 7 and 8 of the opinion. Clearly the averment that no money was paid does not suffice to show there was no consideration.

Moreover, proper equity pleading requires reasonable certainty as to material matters, such certainty that the court may ascertain complainant's rights, and render a proper decree, should relief be awarded. 21 Corpus Juris, 392; Cobb v. Stinson (Ala. Sup.) 155 So. 586;[1] Floyd v. Floyd, 77 Ala. 353. The bill should therefore, with convenient cer-

Mulkey & Mulkey, of Geneva, for appellants.

O. S. Lewis, of Dothan, for appellee.

---

[1] Ante, p. 78.

572

tainty, set forth and describe the property or rights to which it relates. 21 Corpus Juris, 397; Hurt v. Freeman, 63 Ala. 335.

■ There is, as to personalty, no effort of description, and no indication of any inability on complainant's part to more definitely point out the property alleged to have been fraudulently transferred, and which is sought for condemnation to complainant's indebtedness. 27 Corpus Juris, 769. The averments of paragraph 5 were therefore also deficient in the matter of description.

For the reasons herein indicated, we conclude that feature of the bill that seeks the setting aside as fraudulent the transfer of the personalty (paragraph 5) is defective, and the demurrer thereto was due to be sustained.

Let the decree be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.