165 So. 239

**DRAIN et al. v. F. S. ROYSTER GUANO CO.**

**6 Div. 750.**

Supreme Court of Alabama.

Jan. 16, 1936.

Rehearing Denied April 9, 1936.

W. A. Davis, of Aliceville, and Reuben H. Wright, of Tuscaloosa, for appellants.

D. D. Patton, of Carrollton, for appellee.

FOSTER, Justice.

The bill in this suit was filed by a judgment creditor, whose debt was in existence at the time the mortgage sought to be vacated was made.

In paragraph 4, it is alleged that the mortgage was a voluntary conveyance in its entirety, or, in the alternative, that the recited consideration was, in large part, pretended, simulated, and untrue, and intended to hinder, delay, or defraud creditors. The rules which apply to such a situation are that, if the conveyance is voluntary, it is void as to existing creditors. No other allegations are necessary. So that the first alternative which we have stated is sufficiently alleged. Kratz v. Bonner, 228 Ala. 607, 155 So. 77; Majors v. Killian, 230 Ala. 531, 162 So. 289; Waites v. First National Bank, 227 Ala. 684, 151 So. 847; Kuykendall v. Terry, 227 Ala. 227, 149 So. 687; London v. G. L. Anderson Brass Works, 197 Ala. 16, 72 So. 359. Many other cases are cited in them.

The bill in the second alternative assumes the existence of a debt secured, not to the extent alleged in the mortgage, but that the amount was recited to be excessive in order to hinder, delay, or defraud creditors. The mortgagees were a daughter and son-in-law of the mortgagor, and lived in the house with him.

The rule in respect to mortgages is that the law sanctions it as security for an existing debt even as against other creditors, when it is not a general assignment (section 8040, Code), if it is a "bona fide appropriation of property to secure a debt honestly due. If any part of the purpose of the parties thereto is that it shall avail or be used for the ease or favor of the grantor, it is void as to his creditors." Howell v. Carden, 99 Ala. 100, 109, 10 So. 640, 644; Reynolds v. Crook, 31 Ala. 634.

Such ease and favor occurs when the amount is simulated to create an erroneous impression and so as to hinder the collection of other debts, Hall v. Heydon, 41 Ala. 242, or when such purpose is shown, and with that result pursuant to a plan between the parties in which both participate, Cooper v. Berney National Bank, 99 Ala. 119, 11 So. 760; McDowell v. Steele, 87 Ala. 493, 6 So. 288; Age-Herald Co. v. Potter, 109 Ala. 675, 19 So. 725; Berney National Bank v. Guyon, 111 Ala. 491, 20 So. 520.

The bill in this case alleges that the parties to the mortgage conspired together to place an apparent lien on the lands and place it beyond the reach of creditors. This could be effected as well by simulating a large debt when only a small one existed as where there was no debt at all, all to create the impression of a large debt tending to retard activity by other creditors not knowing that it is largely simulated. Under such circumstances there is a benefit reserved secretly to the mortgagor, and the mortgage is subject to attack by other creditors. Section 8038, Code. Both aspects of the bill therefore are sufficient in respect to the matters we have discussed.

It is also insisted that the bill does not allege that the property is not the homestead of the debtor, and therefore does not show that the mortgage affects the rights of complainants. But the property is such as is described in subdivision 1 of section 7806, Code, and therefore is prima facie liable to levy under execution. If there exists any special reason why it is not so, the burden is on defendants to plead and prove that fact. Hartzog v. Andalusia National Bank, 222 Ala. 170, 131 So. 433; Schwarz, Rosenbaum & Co. v. Barley, 142 Ala. 439, 443, 38 So. 119; 37 Corpus Juris, 777, § 690.

There is nothing in the bill indicating that the land is or may be exempt.

The decree overruling the demurrer to the bill is without error.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.