88 So.2d 341

**T. J. HEADLEY et al.**

v.

**Ethel C. HEADLEY.**

5 Div. 631.

Supreme Court of Alabama.

June 14, 1956.

384

Jos. J. Mullins, Clanton, for appellants T. J. and Imogene Headley.

Omar L. Reynolds; Reynolds & Reynolds, Clanton, for appellant Clyde W. Headley.

A. B. Foshee, Clanton, and Rogers, Howard & Redden, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from decrees overruling demurrers of several respondents, separately, to a creditors' bill, as amended, filed May 14, 1955, by Ethel C. Headley seeking to set aside as fraudulent several conveyances made by one Clyde W. Headley, her former husband, to various persons. The bill sought to invoke section 897, Title 7, and section 7, Title 20, Code of Alabama 1940.

The complainant in the instant case, Ethel C. Headley, obtained a decree in equity on November 27, 1954, whereby a divorce was granted to her against Clyde W. Headley, and alimony was awarded to her of $125 a month for the support of herself and her minor child, together with certain items of property, personal and real. The decree in the divorce proceeding further ordered Clyde W. Headley to pay to T. Grady Culp and his wife, Mary L. Culp, a debt of $4,000 secured by a mortgage on certain described land which the Culps had conveyed to complainant, Ethel Culp Headley, and declared a lien upon any and all property owned by Clyde W. Headley "to guarantee the payment of this Four

Thousand Dollars ($4,000.00) above mentioned, with interest due thereon." The decree in the divorce proceeding also ordered Clyde W. Headley to pay to the said Ethel C. Headley $1,750 as attorneys' fees in addition to other provisions. The instant bill alleges that "said decree as rendered has never been abided by or performed and same remains unpaid and unsatisfied." Attached to the decree is a certificate of the probate judge that it was filed in his office on November 27, 1954, and recorded in Book of Judgment and Decrees Record, Volume 6, page 210.

The parties to the divorce proceeding were only the husband and wife, and to the present bill to enforce the decree, in addition, T. J. Headley and his wife, Imogene Headley, and the First National Bank were made respondents. The respondents, T. J. Headley and Imogene Headley, filed demurrer to the amended original bill and also to that aspect of the bill which alleges that a certificate of judgment was duly recorded in the Probate Office of Chilton County, being specifically attacked by Grounds 53, 54 and 55 of the demurrer.

The First National Bank also filed a demurrer to the bill as amended, which demurrer was overruled by the court. The First National Bank then filed an answer to the bill as amended and has consequently taken no appeal.

The said T. J. Headley and Imogene Headley have appealed to this court from the interlocutory ruling on their demurrer, as amended, and the said Clyde W. Headley has also taken an interlocutory appeal to this court from the ruling on his demurrer.

The bill alleges that at the time of the rendition of the divorce decree, Clyde W. Headley owned an undivided ½ interest in certain described real estate in that county, and on February 14, 1955, he executed a warranty deed "reciting a consideration of one and no/100th (1.00) dollars, and other good and valuable consideration" conveying his ½ interest in that tract to T. J. Headley. A copy of the deed is attached to the bill and recites the further fact of a partnership settlement between them; that this land was bought with partnership funds, and in consideration of that and the conveyance by T. J. Headley to Clyde W. Headley of other partnership assets for the purpose of making the partnership settlement, and the further consideration of one dollar and other good and valuable consideration, the deed was executed. We will hereafter refer to this deed as Exhibit B.

The fraud alleged on which the relief is sought as to that deed is contained, first, in paragraphs 3 and 4 of the complaint, as follows:

"That said deed was made and executed, conceived, concocted and schemed for the purpose of conveying the property of respondent, Clyde W. Headley, and placing same beyond the judgment as rendered in said cause and as an obstacle to the enforcement of said judgment, and said T. J. Headley at the time of the executing same knew of the existence of said judgment and intentionally entered into said scheme as a means, subterfuge or fraud on his part, to defraud complainant and her children, a judgment creditor out of their rightful judgment and such conduct on the part of T. J. Headley was with knowledge of the existence of said judgment, and of the ownership of the property by Clyde W. Headley.

"That said above described deed or conveyance was made, instituted, conceived or concocted out of the knowledge of the existence of said judgment and for the purpose to hinder, delay or defraud complainant, a judgment creditor; and that the effect of said conveyance has been to place a cloud upon the title to the interest of Clyde W. Headley in and to said lands and to place the same or attempt to place the same beyond the reach of an execution of this court."

Also in paragraph 15, as follows:

"That said conveyance attached as Exhibit 'B' to this bill of complaint or the deed from Clyde W. Headley to T. J. Headley is a fraudulent conveyance, and is fictitious, fraudulent or simulated

and made for the purpose of placing the interest of Clyde W. Headley in and to said lands beyond the reach of the processes of this court and for the purpose of hindering and defrauding complainant, a judgment creditor, and at the time of the execution of said deed by T. J. Headley he knew of the existence of said judgment and particularly in the execution of said conveyance with full knowledge of said judgment and decree of this court."

By an amendment, it is alleged:

"That the respondent, Clyde W. Headley, has no visible assets subject to legal process and if he has any visible assets subject to legal process they are wholly insufficient in value and amount to pay plaintiff's judgment and since the rendition of said judgment the said Clyde W. Headley has disposed of his property subject to legal process, or that his partner, T. J. Headley, has disposed of assets of Clyde W. Headley subject to legal process and that they have received substantial sums of money for the property disposed of and said money is now concealed by them and should be subjected to the satisfaction of complainant's judgment and of the indebtedness of Clyde W. Headley and she further avers that she is unable to state where and how said money is concealed and that such assets or money can be rendered available to plaintiff by means of a discovery of same."

■■■ Clyde W. Headley, proposing to appear specially to demur to the original bill (not including the amendment to it), assigned many grounds of demurrer to the bill as a whole, and to that aspect which seeks to set aside the deed from him to T. J. Headley (Exhibit B to the bill), and also to other aspects of the bill which we need not mention here. On September 22, 1955, the court overruled his demurrer "to the original bill of complaint" and allowed him ten days in which to answer. He separately appealed and assigned only one ground as error—the decree of September 22, 1955, overruling the demurrer to the

original bill. He complains in brief that no notice of the amendment was given him, and, therefore, he only pleaded to the original bill, taking note of his claim that he was irregularly notified of the original suit. (The court overruled that contention.) At the time of the amendment, he was contending that he had not been regularly brought before the court. Amendments of bills may be made as of course and without notice before service. Equity Rule 28(1), Code 1940, Tit. 7 Appendix.

Clyde W. Headley's demurrer to the "original bill," filed September 10, 1955, undertook to appear specially for that purpose and went only to the original bill and to certain named aspects. If he intended to object to the amendment because no notice was given him, he should have moved to strike it. After the amendment was filed, the bill was amended. There is then no original bill distinct from the amendment. Together, they are simply regarded as an entirety. Adams v. Phillips, 75 Ala. 461.

Moreover, the only adverse effect of a decree vacating the deed from him to T. J. Headley would fall on T. J. Headley and would not affect Clyde W. Headley. Coffey v. Norwood, 81 Ala. 512, 8 So. 199; Staton v. Rising, 103 Ala. 454, 15 So. 848; McClarin v. Anderson, 109 Ala. 571, 19 So. 982. It would not affect complainant's right as to that deed whether Clyde W. Headley is a party. The only effect of sustaining his demurrer would be to strike him as a party. That would not influence the result. We will not further consider his assignment of error.

T. J. Headley and Imogene Headley (his wife) separately and severally assign as error the decree of September 1, 1955 overruling their demurrer to the bill as last amended. The effect of these assignments is only as to the decree on demurrer to the bill as a whole.

■■■ The deed referred to in Exhibit B to the bill was made by Clyde W. Headley to T. J. Headley. His wife, Imogene Headley, is not a party to it and her assignment of error is without application to that deed. The question is on the assignment of error of T. J. Headley with reference to the

court's decree overruling his demurrer to the bill as a whole. We will, therefore, consider the various aspects of the bill. If any of them was free from the demurrer assigned the decree, overruling the demurrer was proper, although some of the aspects may be subject to the demurrer addressed to them. Hays v. McCarty, 239 Ala. 400, 195 So. 241; Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417; Beall v. Lehman Durr Co., 110 Ala. 446(4), 18 So. 230.

As to Exhibit B, complainant occupies the status of an existing creditor as of the date of the judgment. McFaddin v. McFaddin, 134 Ala. 337, 32 So. 719. The judgment merely establishes that status. The bill does not seek to enforce an alleged lien created by the decree or its effect. As to an existing creditor, a deed without valuable consideration executed by the debtor conveying any of his property subject to the debt is declared void regardless of the intent or financial status of the parties. Section 7, Title 20, Code 1940. If instead of being voluntary, it was given to satisfy, or as a credit on a debt owing the grantee by the grantor, a proportionate amount of the value of the property conveyed is free from the right of a creditor though then existing to subject it to the debt, and the intent in making the deed is not controlling.

If the debtor conveys the property and receives value for it, to the extent of that value, the creditor of the grantor is without remedy unless the debtor made the conveyance with the fraudulent intent to hinder, delay or defraud his creditor, and the grantee had notice of that fraudulent intent, and, therefore, participated in the fraud. But to support a bill to vacate such a conveyance, it is not sufficient merely to allege that the deed was made by the grantor with intent to hinder, delay or defraud his creditors and that the grantee had notice of that intent when he paid value for the property. The bill must allege either that there was no consideration of adequate value, or if for value, that the purpose was to convert his property into assets which he could conceal, and which he intended to conceal, from his creditors, and thereby to hinder, delay or defraud them in the collection of their debt, and that he has concealed such assets so received, and they are not available to be subject to his debts.

Of course, there must be injury to the creditor. It is not alone the intent to hinder, delay or defraud, but it must have that effect. His ownership of other property subject to the debt is not fatal to relief. McClarin v. Anderson, supra. A solvent as well as an insolvent debtor cannot convert his property into money (or other assets) for the purpose of putting it beyond the reach of creditors; and a vendee with knowledge of such intent is chargeable though he pays full value. Smith v. Collins, 94 Ala. 394(3), 10 So. 334; McClarin v. Anderson, supra; Beall v. Lehman Durr Co., supra; Simmons v. Shelton, 112 Ala. 284, 21 So. 309; London v. G. L. Anderson Brass Works, 197 Ala. 16, 72 So. 359; Federal Land Bank v. Rowe, 222 Ala. 383, 133 So. 50; Shaffield v. Shaffield, 250 Ala. 381, 34 So.2d 591.

A bill must state plainly the facts which constitute the fraud and it is not sufficient merely to charge an intent to hinder, delay or defraud creditors. Crisp v. First Nat. Bank, 224 Ala. 72, 139 So. 213; Watson v. Watson, 229 Ala. 570, 158 So. 526; McClintock v. McEachin, 249 Ala. 591, 32 So.2d 305.

We have given consideration to the allegations of the bill copied above, and think they are sufficient to charge fraud in the execution of Exhibit B, and that the bill is otherwise sufficient to obtain relief as to that instrument. That conclusion is applicable to the appeal and assignments of error of T. J. Headley, the grantee in it. The appeal and assignments of Clyde W. Headley and Imogene Headley, separately, as to that deed are not benefited by such conclusion. The demurrer of T. J. Headley was properly overruled in respect to the bill as a whole.

In another aspect of this bill, it seeks to have relief as to a deed made on September 18, 1954, by Milton DeVaughn and wife to Imogene Headley, wife of T. J. Headley, conveying certain land therein described. The deed is Exhibit X to the bill

which contains a prayer to set aside and cancel the ownership, title and interest of Imogene Headley in the land so conveyed to her, and to condemn the interest of Clyde W. Headley in same, and order it sold, etc. The basis of that claim is alleged in paragraphs 8 and 9 of the bill to be that $1,200 was paid on said land and it was the money of T. J. Headley and Clyde W. Headley, and that the title was taken in the name of Imogene Headley, but it belongs to and is the property of Clyde W. Headley and T. J. Headley, and that Clyde W. Headley is the owner of ½ interest in same; that at that time, a suit was pending by this complainant against Clyde W. Headley for divorce and alimony, of which Imogene Headley knew, and the deed was made to her as a subterfuge to defeat the rights of complainant in said suit then pending, and is a "cloud upon the interest of Clyde W. Headley and should be clarified or removed on his interest in said land and said deed is an obstacle to said judgment and decree clarified."

It may be that complainant has an intention to charge fraud on the part of Clyde W. Headley in purchasing a half interest in the land, in that, he had the title taken in the name of Imogene Headley so as to hinder complainant in the collection of alimony which might be subsequently decreed in a suit then pending. See McFaddin v. McFaddin, supra; Watson v. Watson, supra. That transaction occurred before the alimony decree was rendered, but pending a suit seeking alimony which was awarded later. So complainant was not an existing creditor at the time of the transaction. McFaddin v. McFaddin, supra; Watson v. Watson, supra.

The bill does not state clearly that Imogene Headley paid nothing for the land, or that Clyde W. Headley did not owe her a debt, or that there was no other consideration, or that Clyde W. Headley had the deed made to Imogene Headley conveying his half interest under named circumstances, which showed that it was for the purpose of hindering, delaying or defrauding complainant in the collection of a claim for alimony then in litigation. The opinion in Watson v. Watson, supra, points out the defects in an averment such as exist here in respect to that transaction. See, also, Cody v. Stanford, 229 Ala. 429, 157 So. 868.

The bill does not contain sufficient averment to justify relief in respect to Exhibit X.

There is no aspect of the bill, except as to the deed marked Exhibit X, with which Imogene Headley has any connection, and as we are of the opinion that the bill is subject to her demurrer in respect to that aspect, it was error to overrule it.

■ The bill seeks an accounting by T. J. Headley for property belonging to Clyde W. Headley, or in which he had an interest, without giving a description of same or alleging the amount or source thereof except in the most general terms. This is not permissible, Watson v. Watson, supra,—except in connection with a discovery referred to in Sections 897 and 898, Title 7, Code 1940. The bill here makes no effort to comply with the requirements for a discovery. Shaffield v. Shaffield, supra; Howard v. Stewart, 252 Ala. 581, 42 So.2d 252; Kemp v. Huffstutler, 255 Ala. 105, 50 So.2d 233.

As to T. J. Headley, the aspect in respect to Exhibit B was not subject to his demurrer, though not pleaded with proper reference to applicable principles. Therefore, the decree having the effect of overruling his demurrer to the bill as a whole is without error.

On appeal of T. J. Headley, the bill is not subject to the demurrer interposed as to one aspect (Exhibit B), and, therefore, the demurrer was overruled without error regardless of other aspects.

■ As to Clyde W. Headley, he is not a necessary party in respect to the relief sought, but is a proper party. Therefore, the rulings of the court which do not affect his personal rights are not subject to be reversed on his assignments of error, although he had a right to appeal under the statute. Section 755, Title 7, Code 1940. Therefore, on his appeal, the demurrer was overruled without reversible error, and should be affirmed.

On the appeal of Imogene Headley, the aspect of the bill as to Exhibit X is subject to the demurrer interposed, and there is no other aspect which affects her rights. Therefore, the decree overruling her demurrer as to the bill as a whole is erroneous as to the aspect relating to Exhibit X, and no other aspect affecting her is involved, and the decree should be reversed on her appeal.

Affirmed in part, and in part reversed and remanded.

SIMPSON, GOODWYN and SPANN, JJ., concur.