96 So.2d 450

Troy Marvin MYERS et al.

v.

Stephen Allen REDMILL, pro ami.
Edward A. Redmill.

6 Div. 141.

Supreme Court of Alabama.

June 20, 1957.

T. K. Selman and T. L. Beaird, Jasper, for appellant.

Bankhead & Petree, Jasper, for appellee.

MERRILL, Justice.

Appeal from an interlocutory decree overruling a demurrer to complainant's bill to set aside an alleged fraudulent conveyance.

The bill alleges that complainant, Stephen Allen Redmill, a two year old minor suing by next friend, was injured on December 8, 1956, when the car in which he was riding was struck by an automobile driven by respondent; that two days later, respondent executed and recorded a deed by which all of his property was conveyed to his wife; that on December 19, 1956, complainant, suing by next friend, filed a suit at law against respondent seeking to recover damages for the injuries received in the collision; that the complaint contained counts in simple negligence and wantonness; and that the conveyance was voluntary and made for the purpose of hindering, delaying and defrauding the complainant in the collection of his debt, claim or demand against respondent. The complainant prayed for a decree setting aside the conveyance as fraudulent as to him.

The demurrer raised the points that the bill would not lie because complainant's claim had not been reduced to judgment before the bill was filed, and because the claim sounded in damages merely. That is the question argued here on appeal.

This is the first time this question has been presented squarely to this court. But the principle contended for by appellant is based upon dicta in five different cases.

The first case is that of Dowling v. Garner, 195 Ala. 493, 70 So. 150, 152, where the complainant Dowling was seeking to recover damages for the wrongful death of his intestate in a court of equity, and as an incident thereto, sought to set aside a conveyance as fraudulent. This court prop-

erly held that suits under the homicide statute should be brought at law and not in equity; and that should have disposed of the matter, but the court further stated in the last paragraph of the opinion, " * * * and no judgment having been recovered, we are of the opinion that in such a case the complainant is not such a creditor as to come within the meaning and influence of section 3739 of the Code [Tit. 7, § 897, Code 1940] * * *."

Tit. 20, § 7, Code 1940, reads:

"All conveyances, or assignments in writing, or otherwise, of any estate or interest in real or personal property, and every charge upon the same, made with intent to hinder, delay, or defraud creditors, purchasers, or other persons of their lawful suits, damages, forfeitures, debts, or demands; and every bond, or other evidence of debt given, suit commenced, decree or judgment suffered, with the like intent, against the persons who are or may be so hindered, delayed, or defrauded, their heirs, personal representatives and assigns, are void."

Tit. 7, § 897, Code 1940, reads:

"A creditor without a lien may file a bill in equity to discover, or to subject to the payment of his debt, any property which has been fraudulently transferred or conveyed, or attempted to be fraudulently transferred or conveyed by his debtor."

That part of the last paragraph of the Dowling case quoted, supra, was described as "a dictum" and "unsound" by Justice Mayfield in Galloway v. Shaddix, 197 Ala. 273, 72 So. 617, but a majority of the court thought "that it was unnecessary to explain or qualify" the Dowling case in order to decide the Shaddix case. The majority were correct as to the reason because the complainant in the Shaddix case had recovered a judgment against the respondent *before* filing the bill in equity to set aside the alleged fraudulent conveyances.

We have considered this question carefully, both individually and in consultation, and we are convinced that the opinion written by Justice Mayfield, and concurred in by Justice Thomas, correctly states the law, and that it is applicable whether or not judgments have been recovered *before* the bill to set aside the alleged fraudulent conveyance is filed, and irrespective of whether or not the damages sought are compensatory or punitive.

We see no reason for recopying the clear and able opinion of Justice Mayfield in the Shaddix case in this opinion and we feel that our references to it are adequate and show our concurrence in the principles of law stated by him as applicable to the facts in the instant case.

The applicable sections of the Code of 1940, Tit. 20, § 7, and Tit. 7, § 897, quoted, supra, are declaratory of generally recognized equitable principles. Fraud is the basic fact that gives jurisdiction to the equity court. Johnson Dry Goods Co. v. Drake, 219 Ala. 140, 121 So. 402. It appears to us that a fraudulent conveyance as to a plaintiff with a demand sounding in punitive damages is infected with just as much fraud as one against a plaintiff with a demand in compensatory damages. We have expressly held that a complaint in simple negligence alleging damages to an automobile is not a claim "sounding in damages merely." Blackmon v. Gilmer, 221 Ala. 554, 130 So. 192(1), 193. There is no question in any of our cases that such a claim makes one a "creditor" protected by the statute.

But it is urged that the statute gives no protection, prior to a judgment, to a claimant who received personal injuries, or to one who is injured as the result of a wanton act, or whose intestate was killed under such circumstances as to authorize a recovery under the homicide act. There is an old maxim that "what is just and right is the law of laws." Surely, if it is permitted to one whose property has been damaged to set aside a fraudulent con-

veyance, that same privilege should extend to one who has suffered personal injuries or death as the result of a deliberate or wanton act

It, therefore, follows that we consider the quoted expressions in the following cases as dicta, which will not be followed in the future:

In Cortner v. Anderson, Clayton & Co., 225 Ala. 575, 144 So. 443(5, 6), 445:

"It is not controlled by the cases which hold that if the damages are punitive, or though not punitive are not measured by any fixed standard, a judgment at law must be obtained. * * *"

In Hays v. McCarty, 239 Ala. 400, 195 So. 241(7, 10), 244:

"* * * —although the claim must have been reduced to a judgment, when it is of such nature as that it sounds in damages merely. * * *"

In Dobbs Truss Co. v. Sutherland, 256 Ala. 581, 56 So. 2d 638(5, 6), 641:

"* * * The only limitation is that the claim must not be one sounding in damages only. * * *"

In Barrett v. Fondren, 262 Ala. 537, 80 So.2d 243(1), 246:

"An analogous situation exists under the Homicide Statute, section 123, Title 7, Code 1940; section 5696, Code of 1923, when a claimant seeks as a creditor without a judgment to get the benefit of section 897, Title 7, Code of 1940, section 7342, Code of 1923. The court held that on such a claim a judgment must be first rendered before he could qualify as a creditor without a lien. Dowling v. Garner, supra. * * *"

The trial court properly overruled the demurrer to the bill of complaint.

Affirmed.

All the Justices concur.