124 So.2d 265

A. L. BUTLER et al.

v.

Rosetta P. HUGHES, Exrx.

5 Div. 680.

Supreme Court of Alabama.

Nov. 3, 1960.

D. Eugene Loe, Montgomery, and Reneau & Reneau, Wetumpka, for appellee.

Geo. P. Howard, Wetumpka, for appellants.

LIVINGSTON, Chief Justice.

This is an appeal from decrees of the Circuit Court of Elmore County, Alabama, in Equity, overruling demurrers of several respondents, separately, to a bill of complaint filed by Rosetta P. Hughes, as Executrix of the Estate of Sara P. Butler, deceased. A. L. Butler, S. C. Butler and George P. Howard were made parties respondent to the bill.

In essence, the bill seeks to have a deed conveying certain-described real estate from A. L. Butler to S. C. Butler set aside and held for naught because voluntary; because it was made to hinder, delay or defraud the creditors of A. L. Butler, or to have the said deed declared a general assignment for the benefit of the creditors of A. L. Butler. Also, to have two mortgages given by A. L. Butler to George P. Howard, to secure attorney's fees, declared inferior to a certain judgment of the complainant against A. L. Butler, and to ascertain the amount due on the mortgages. Another mortgage from Butler to Howard is mentioned in the bill, and marked "Exhibit C", but, admittedly, it has no bearing on the case and will not be further noted.

The salient facts in the case are, in substance, as follows:

On August 14, 1954, A. L. Butler shot and killed his wife, Sara P. Butler. On that date, A. L. Butler owned certain-described real estate located in Elmore County, Alabama, and which is the subject matter of this suit.

On August 31, 1954, A. L. Butler executed and delivered to George P. Howard a mortgage conveying the suit property to Howard, and reciting as consideration therefor an indebtedness of $750 and the further sum of $5 paid by Howard to Butler. This mortgage was recorded by Howard in the Probate Office of Elmore County, Alabama, on September 1, 1954, and is exhibited to the bill of complaint.

On November 29, 1954, A. L. Butler executed and delivered to George P. Howard another mortgage conveying the suit property to Howard, to secure a promissory note for $3,450 executed the same day, and to secure "any and all other indebtedness that the said Andrew L. Butler may owe to the said George P. Howard for any legal services rendered him within five years from this date and to secure any other liability * * * of the undersigned to said George P. Howard * * *" This mortgage was also recorded by Howard (date of recordation not shown) in the Probate Office of Elmore County, Alabama, and is exhibited to the bill. (In his brief, Howard states that this mortgage was recorded the same day of its execution and delivery. Appellee makes no claim to the contrary.)

On September 28, 1954, Rosetta P. Hughes, as the executrix of the estate of Sara P. Butler, deceased, brought suit against A. L. Butler, under the homicide statute, Sec. 123, Title 7, Code of Alabama 1940, for the wrongful death of Sara P. Butler.

The case was tried by a jury in the Circuit Court of Elmore County, Alabama, and resulted in a verdict and judgment for plaintiff for the sum of $2,500. The judgment was entered on the 23rd day of May 1955, and was recorded in the Office of the Judge of Probate of Elmore County, Alabama, on May 24, 1955, and execution issued thereon was returned by the sheriff endorsed "No property found."

On December 6, 1954, A. L. Butler conveyed the suit property to his brother, S. C. Butler, the deed reciting a consideration of "Five and no/100 ($5.00) dollars and other good and valuable consideration to me in hand paid by S. C. Butler * * *" This deed was filed for record in the Office of the Judge of Probate of Elmore County, Alabama, on December 7, 1954, and is exhibited to the bill.

The bill of complaint as framed has more than one aspect. The respondents, George P. Howard, A. L. Butler and S. C. Butler,

each filed separate demurrers to the bill as a whole and to each of the several alleged aspects thereof. By separate decrees, the trial court overruled the demurrers of each respondent to the bill as a whole and each aspect thereof. Each respondent, separately, appealed from the decree of the trial court overruling his demurrer. By agreement of the parties, there is but one record, and each respondent has, separately, assigned errors.

After describing the lands which are the subject matter of this suit, the bill alleges:

"5. That on December 6, 1954 the respondent A. L. Butler conveyed his entire interest in the lands described in paragraph 4 above to his brother, S. C. Butler as shown by deed recorded in the office of the Judge of Probate of Elmore County, Alabama, in Deed Book R-103, page 379, a copy of which deed is hereto attached and marked Exhibit 'B' and made a part of this bill of complaint the same as if specifically set out herein; that while said deed recites a consideration of $5.00 and other good and valuable consideration that, in truth and in fact, your complainant is informed and believes, and upon such information and belief avers, the fact to be that there was no real consideration for said deed, the same being simulated and the said conveyance was, in fact, a voluntary conveyance and that the cause of action for which this judgment was rendered had accrued and the suit thereon which resulted in the judgment set out in paragraph 3 above was pending at the time of said conveyance and that the respondent A. L. Butler had been convicted by the Circuit Court of Elmore County, Alabama, of the crime of first degree manslaughter for the death of the said Sara P. Butler and had been sentenced to a term of ten years in the state penitentiary.

"6. That in the event your complainant is mistaken in the averment that said deed was voluntary and without consideration, then she is informed and believes, and upon such information and belief alleges, the fact to be that said conveyance was made by the said A. L. Butler and received by the said S. C. Butler for the purpose of hindering, delaying and defrauding your complainant in the collection of the judgment which the said A. L. Butler anticipated your complainant would recover against him in the pending civil action, which in fact did result in a judgment for your complainant; that the said S. C. Butler, well knowing the purpose of said conveyance and being a party to said fraudulent scheme, accepted said deed and your complainant avers that the said S. C. Butler was fully aware of all facts set forth in this bill of complaint at the time he accepted said deed.

"7. That if she is mistaken in the above and foregoing allegations to the effect that such conveyance was voluntary and without a valuable consideration or was made for the purpose of hindering, delaying or defrauding your complainant in the collection of her said judgment as aforesaid, then she alleges that said conveyance includes all or substantially all of the property of the said A. L. Butler subject to execution for the collection of said judgment and that any alleged debt owed by the said A. L. Butler to the said S. C. Butler amounted to a preference or priority of payment to the said S. C. Butler as a creditor over the judgment of your complainant at the time of said conveyance and it thus inured to the benefit of all the creditors of the said A. L. Butler, including your complainant.

"8. That the respondent A. L. Butler is insolvent and has no other property with which to satisfy the judgment mentioned in paragraph 3 above."

As to that part of the bill (not here speaking of aspects of the bill) in which complainants seek to have Howard's two mortgages declared inferior to complainant's judgment, and which asks for a discovery

as to the amounts due on said mortgages, the complaint alleges as follows:

"* * * that on August 31, 1954, the respondent A. L. Butler executed a further mortgage to the respondent George P. Howard with the lands described in paragraph 4 above being described in said mortgage as security therefor, said mortgage being recorded in the office of the Judge of Probate of Elmore County, Alabama, in Mortgage Book 297, page 83, a copy of said mortgage being attached hereto and marked Exhibit 'D' and made a part of this bill of complaint; that on November 27, 1954 respondent A. L. Butler executed a mortgage to the respondent George P. Howard in which the lands described in paragraph 4 above were described as security therefor, said mortgage being recorded in the office of the Judge of Probate of Elmore County, Alabama, in Mortgage Book 299, at page 3, a copy of which is attached hereto and marked Exhibit 'E' and made a part of this bill of complaint; that at the time the mortgage marked as Exhibit 'D' was executed, the respondent A. L. Butler had already unlawfully killed the said Sara P. Butler and the cause of action out of which the judgment described in paragraph 3 above arose had already accrued and the respondent George P. Howard had full knowledge of this fact; that at the time the mortgage described as Exhibit 'E' above was executed the respondent A. L. Butler had already been convicted by the Circuit Court of Elmore County, Alabama, for the crime of first degree manslaughter in connection with the death of Sara P. Butler and had been sentenced by the Circuit Court of Elmore County, Alabama, to a term of ten years in the state penitentiary, all of which was known to the respondent George P. Howard at the time said mortgage was executed; that all three of the above described mortgages were to secure alleged debts owed by the respondent A. L. Butler to the respondent George P. Howard for alleged legal services rendered the said A. L. Butler by the said George P. Howard; that the mortgage described as Exhibit 'E' recites that it would secure any legal services rendered by the said George P. Howard to the said A. L. Butler within five years from the date of said mortgage and was to secure any other liability direct, indirect or contingent which the said A. L. Butler owed or might owe to the said George P. Howard within said time; that the mortgages described as Exhibits 'D' and 'E' above were accepted by the respondent George P. Howard with full knowledge of all the facts surrounding the unlawful killing of Sara P. Butler by the respondent A. L. Butler and that both of said mortgages are inferior to the indebtedness owed your complainant by the respondent A. L. Butler on the judgment described in paragraph 3 above.

"10. That in the event your complainant is mistaken in the averment that the mortgages described as Exhibit 'D' and 'E' above are inferior to said judgment, your complainant then alleges that the respondent George P. Howard should be ordered by the court to reveal to the court the exact amount of the indebtedness which he claims to be secured by each of said mortgages."

The prayer of the bill is as follows:

"The Premises Considered, your complainant prays that A. L. Butler, S. C. Butler and George P. Howard be made parties respondent to this bill of complaint; that summons and a copy of the bill of complaint filed in this cause be served upon each of them and they be required to appear and plead, answer or demur to said bill of complaint within the time provided by law; that upon a final hearing and determination of this cause the conveyance from A. L. Butler to S. C. Butler

as described above be declared null and void as to your complainant, but in the event it is not so declared null and void that it be declared a general assignment for the benefit of the creditors of A. L. Butler, including your complainant; that all necessary orders and decrees be entered ascertaining the balance due on the mortgages executed by the respondent A. L. Butler to the respondent George P. Howard, together with interest thereon; that the mortgages described as Exhibits 'D' and 'E' above be declared inferior to the claim of your complainant for the satisfaction of the judgment described in paragraph 3 above; that all necessary orders and decrees be entered to the end that the claim of complainant as shown by said judgment be satisfied in full after the payment of the balance due on the mortgage described as Exhibit 'C' above. Complainant further prays for such other, further, different, general and special relief to which she may be entitled in the premises."

■ A bill in equity should contain an "orderly statement of the facts on which the suit is founded, without prolixity or repetition." Equity Rule 11, Title 7, p. 1050, Code of 1940. The bill should be separated into paragraphs and numbered for convenience in answering. The numbered paragraphs, however, have no necessary relation to the causes of action presented, and no necessary relation to its aspects. An aspect is recognizable only by an analysis of the substance of the bill and by a process of mental segregation.

One definition of an aspect found in Vol. 2 of the 1941 April Edition of The Alabama Lawyer, p. 1414, in an article written by the Honorable Earl McBee of the Birmingham Bar, reads as follows:

"It might then be said that an aspect of a bill is a unit thereof including a prayer for some item of relief and supporting allegations of fact, sever-

able, but by process of analysis only, from the other relief and supporting allegations of fact contained in the bill."

In a later article of Vol. 2 of The Alabama Lawyer, 1941, at page 421, the late Honorable E. M. Creel, Chancellor of the Tenth Judicial Circuit, defines an aspect as follows:

"An aspect is a single cause of action with an appropriate prayer for relief, presented by a bill in equity."

The foregoing definitions are sufficient to dispose of the bill now before us. Applying them, we think the bill of complaint, as framed, has two or more aspects.

■ One aspect is to set aside the deed from A. L. Butler to S. C. Butler. This aspect is stated in the alternative, that is, to set aside the deed because it was voluntarily made, or that it was made to hinder, delay or defraud A. L. Butler's creditors, including the complainant. Each alternative conforms to well-defined requisites for such an aspect and are not subject to demurrer. Drain v. F. S. Royster Guano Co., 231 Ala. 422, 165 So. 239, and cases there cited; Sections 7 and 9, Title 20, Code of Alabama 1940.

Another aspect of the bill is to declare the deed from A. L. Butler to S. C. Butler a general assignment for the benefit of the creditors of A. L. Butler, including the complainant.

Another aspect of the bill of complaint seeks to have the two mortgages, Exhibits "D" and "E," given by A. L. Butler to George P. Howard, declared "inferior to the claim of your complainant for the satisfaction of the judgment described in paragraph 3 above" (the recorded judgment which complainant obtained in her suit for the wrongful death of her testatrix, Sara P. Butler).

Still another possible aspect of the bill seeks a discovery to ascertain the amount

due Howard on his two mortgages, Exhibits "D" and "E," in the event the mortgages are held to be superior to complainant's judgment.

■ As to George P. Howard, he is not a necessary party in respect to the relief sought as regards the deed from A. L. Butler to S. C. Butler, but he is a proper party. Therefore, the rulings of the court below which do not affect his personal rights are not subject to be reversed on his assignments of error, although he had a right to appeal under the statute, Sec. 755, Title 7, Code 1940. On his appeal, his demurrer challenging the sufficiency of the aspect of the bill concerning the deed from A. L. Butler to S. C. Butler was overruled without reversible error, and should be affirmed. Headley v. Headley, 264 Ala. 383, 88 So.2d 341. This, for the reason that the deed may be set aside and held for naught, or declared an assignment for the benefit of the creditors of A. L. Butler without affecting the right of Howard under his two mortgages, if, in fact, they are bona fide transactions.

■ The appellant, S. C. Butler, argues only one of his assignments of error, thereby, under our well-established rules, waives all other assignments. The one assignment of error argued by S. C. Butler challenges the court's decree in overruling his demurrer to that aspect of the bill which seeks to have the deed from A. L. Butler to S. C. Butler declared a general assignment for the benefit of creditors of A. L. Butler.

The appellant, A. L. Butler, interposed separate demurrers to the foregoing aspect of the bill which were also overruled by the trial court.

■■ Both the demurrers of A. L. Butler and S. C. Butler to that aspect should have been sustained and the trial court was in error in overruling said demurrers.

This aspect was evidently framed under the provisions of Sec. 9, Title 20, Code of Alabama 1940. As before stated, the deed in question was exhibited to the bill of complaint and alleges only present consideration. To come within the provisions of Sec. 9, supra, it must be a sale or security of practically all of the debtor's property which is subject to execution or to the claim of his creditors, and must be in payment or security of a *pre-existing debt*. A sale or security of some part only of the property of the debtor to one or more of his creditors is not within the purview of the statute, nor is a sale or security of all of it for "a new and present consideration" within the statute. The demurrers take the point that, for aught appearing, the deed was given for a prior debt. Green & Gay v. Wright, 160 Ala. 476, 49 So. 320.

This court held in the recent case of Myers v. Redmill, 266 Ala. 270, 96 So.2d 450, 73 A.L.R.2d 746, that Sec. 897, Title 7, Code of 1940, providing that creditor without lien may file a bill in equity to subject to payment of his debts any property which has been fraudulently transferred or conveyed or attempted to be fraudulently transferred or conveyed by his debtor is applicable whether or not judgment has been recovered before bill to set aside alleged fraudulent conveyance is filed and irrespective of whether or not damages sought are compensatory or punitive.

■ By analogy, a creditor who has a claim under the wrongful death statute, Sec. 123 of Title 7, Code of 1940, is protected by the statute, Sec. 897, Title 7, Code of 1940, providing that a creditor without a lien may file a bill in equity to subject to payment of his debt property which has been fraudulently transferred or conveyed. This was clearly indicated in the opinion in the case of Myers v. Redmill, supra.

■ The appellee contends that the wrongful act which resulted in the death of Sara P. Butler gives rise to a lien on the property of grantor Butler. The cases and statutes cited by appellee are not authority for the proposition advanced. The

occurrence of a wrongful act giving rise to a claim for damages does not create a lien upon the property of the wrongdoer. A judgment is a lien on the property of a defendant only after a certificate thereof has been filed with the judge of probate under Sec. 585, Title 7, Code of 1940, and it does not relate back to the time the cause of action arose.

That aspect of the bill which seeks to have the mortgages of A. L. Butler to George P. Howard, and described as Exhibits "D" and "E", declared inferior to the claim of complainant for the satisfaction of the judgment is subject to the demurrers of both A. L. Butler and George P. Howard. The trial court was in error in overruling these demurrers.

In Drain v. F. S. Royster Guano Co., 231 Ala. 422, 165 So. 239, this court said:

"The rule in respect to mortgages is that the law sanctions it as security for an existing debt even as against other creditors, when it is not a general assignment (section 8040, Code), if it is a 'bona fide appropriation of property to secure a debt honestly due.' "

See, also, Mitchell v. Conway, 257 Ala. 648, 60 So.2d 676; Howell v. Carden, 99 Ala. 100, 10 So. 640; Reynolds v. Crook, 31 Ala. 634.

It was also said in Headley v. Headley, 264 Ala. 383, 88 So.2d 341, 345:

"If the debtor conveys the property and receives value for it, to the extent of that value, the creditor of the grantor is without remedy unless the debtor made the conveyance with the fraudulent intent to hinder, delay or defraud his creditor, and the grantee had notice of that fraudulent intent, and, therefore, participated in the fraud * * *."

Mortgages "D" and "E" recite a present valuable consideration, that is, legal fees, and they were recorded prior to the recorded judgment of complainant against A. L. Butler. The prayer of the bill is that these mortgages be declared to be inferior to the recorded judgment, but no facts are alleged which show that they are inferior. If the prayer of the bill be construed to be that mortgages "D" and "E" be declared inferior to the *claim* of the complainant, there is no other allegation in the bill to show their inferiority. This, for the reason, as we have shown above, a debtor has a right to prefer one creditor over another if the mortgages are a bona fide appropriation of property to secure a debt honestly due.

If we consider the allegations of paragraph 10, set out above, as another aspect of the bill, then we think Howard's demurrer should have been sustained to it.

It is true the complainant, as a junior lien holder, could have maintained her bill against the senior mortgagee for redemption, but the bill contains no offer to redeem, and it could not be maintained merely for the purpose of ascertaining the amount of the senior mortgage debt, so that the complainant could redeem if she saw fit to do so.

We think we should point out that in paragraph 8 of the bill of complaint the allegation "that the respondent A. L. Butler is insolvent and has no other property with which to satisfy the judgment mentioned in paragraph 3 above" shows only a present insolvency instead of insolvency at the time the deed and the mortgages were given.

For the reasons set out above, the cause is reversed and remanded.

Reversed and remanded.

LAWSON, STAKELY and MERRILL, JJ., concur.