[Galloway, et al. v. Shaddix.]

# Galloway, *et al. v.* Shaddix.

### Bill to Set Aside Conveyance as Fraudulent.

(Decided June 30, 1916.  72 South. 617.)

1. **Fraudulent Conveyance; Setting Aside; Complainant; Personal Representative.**—A personal representative may maintain a bill to set aside a conveyance as fraudulent, although his only claim or demand against the grantor is a judgment for damages for the wrongfully caused death of his intestate.

2. **Same; Creditors; Who Are.**—The word "creditors" as used in the statute of fraudulent conveyances does not have a narrow or technical interpretation, but includes all persons who have claims, demands, suits, or interest, and who may be hindered, delayed or defrauded by such conveyances.

3. **Same; Personal Representatives.**—Claims for damages arising from torts, are within the protection of the statute against fraudulent conveyances, and persons having such claim, or who are charged with the duty of reducing them to judgment, are considered creditors in equity, and the rule includes a personal representative charged with collecting damages for the wrongful death of his intestate, whether the damages are compensatory or punitive, and whether or not they are to be distributed under § 2486, Code 1907.

4. **Same; Who May Sue.**—The holder of a claim may file a bill to set aside a fraudulent conveyance, and he need not be a judgment creditor.

5. **Same.**—Where the right of action accrued to complainant on the wrongful killing of his intestate, complainant was then vested with the right to sue to set aside alleged fraudulent conveyances, although his claim had not then been reduced to judgment.

6. **Same; Amount of Claim.**—The right to set aside a conveyance as fraudulent does not depend on the amount of the claim, or the value of the property conveyed.

APPEAL from Etowah Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Mrs. Ira Shaddix, as administratrix, against Mrs. Tina V. Galloway and another, to set aside conveyances as fraudulent. From a decree overruling demurrers to the bill respondents appeal.   Affirmed.

The bill was filed by appellee as the administratrix of the estate of William Perkins, deceased.   It averred that the death of her intestate was caused by the negligence of the appellant Charles V. Galloway on July 4, 1913, and that on September 25, 1913, appellee as administratrix, brought her suit in the city

court of Gadsden, claiming damages for the negligent killing of her intestate against Charles V. Galloway, and that on December 4, 1915, she recovered judgment against him in the sum of $2,000; that on July 24, 25, and 30, 1913, Charles V. Galloway executed three separate conveyances of real estate to the appellant Tina V. Galloway, his wife, conveying substantially all of his property, which deeds were filed for record on July 30, 1913, and that said Charles V. Galloway made said deeds without consideration, and after appellee's cause of action had accrued, and were therefore void as to appellee; and that said Galloway executed fraudulently said deeds to his wife, for the purpose of hindering, delaying, or defrauding appellee in the enforcement of her judgment.

CULLI & MARTIN, for appellants. DORTCH & ALLEN, and INZER & INZER, for appellee.

MAYFIELD, J.—(1) A personal representative may maintain a bill to set aside a conveyance as fraudulent under our statutes, though his only claim or demand against the grantor is a judgment for damages for the wrongfully caused death of complainant's intestate.

(2) Our statutes against fraudulent conveyances, in common with the present English statutes and similar statutes of other states, have always been so construed by the courts as to effect the intention of the lawmakers; that is, to prevent frauds in the giving away or fraudulent disposition of property for the purpose of preventing certain persons or classes of persons from subjecting it to their claims or demands. Transactions for such purposes are viewed by the courts with disfavor, and the statutes have therefore received a liberal construction. The class indicated by the term "creditors," together with other classes mentioned in the statute, has not been defined by a narrow or technical interpretation, but has been extended so as to include all persons who have claims, demands, suits, or interests, and who may be hindered, delayed, or defrauded by such conveyances. Hence persons who are not, strictly speaking, creditors may nevertheless stand in the equity of creditors, and such are given the protection of the statute.

(3) Claims for damages arising from torts are regarded as within the protection of the statute; and persons having such claims, or those charged with the duty of reducing such claims to

judgment or of collecting them, are in equity considered as creditors. The doctrine is held to include claimants of damages for assault and battery, for libel and slander, and for breach of promise to marry. And we see no reason why it should not include a personal representative who is charged with the duty of collecting damages for the wrongful death of his intestate, which damages, when collected, are to be distributed as directed by the statute. We can see no reason for denying relief merely because the damages recovered in such cases are not compensatory, but punitive only.

Whatever the damages recovered under the homicide statute may be called, they go into the estate for distribution as provided by the statute; our, and similar statutes, have uniformly been held to include all actions or claims, though they sound in damages merely.

(4) As the administrator must bring the action at law to recover damages, it would seem that he would also be the proper party to file the bill to set aside conveyances alleged to be intended to hinder and delay him in the collection and satisfaction of his suit and judgment against the wrongdoer. Our statutes, different herein from most others, allow simple creditors, as well as judgment creditors to file such bills; and, as we have said, the personal representative is a person who has a lawful suit, damages, or demand, within the meaning of the statute, if the wrong which caused the damages accrued prior to, or in point of time preceded, the gift or conveyance sought to be set aside. The personal representative in such case must be classed as one having an existing right, and not a subsequent one. It is not the judgment that creates the relation, but the wrong which produces the injury and gives rise to the damages which are subsequently recovered.

Our statutes once limited bills of this kind to judgment creditors, but they have long since been amended so as to include also simple creditors. See *Gunn v. Hardy,* 130 Ala. 642, 31 South. 443, and *Calvert v. Calvert,* 180 Ala. 105, 60 South. 261, both of which cases hold in effect that a bill like this can be maintained.

(5) It is insisted by appellants that as no judgment had been recovered when the conveyance in question was made, no right could be acquired by subsequently recovering a judgment—in other words, that complainant is in the class of subsequent creditors, and not in that of existing creditors; that to maintain the

[Galloway, et al. v. Shaddix.]

bill in this case, it must be alleged, and therefore proven, that the grantor had the actual intent to defraud creditors; that a mere constructive or presumptive intent to defraud is not sufficient. We cannot agree to this contention or construction of our statutes. Where the action is to recover damages for a tort, the cause of action is the wrong which proximately caused or produced the damages sought to be recovered; hence the date of the wrongful act, and not of the bringing of the suit, or of the recovery of the judgment, fixes the status and rights of the parties. The administrator can recover damages only when his intestate could have recovered had death not resulted from the wrong; therefore when he is appointed administrator his rights as to the wrongful death relate back to the wrong which produced the death. It is true our homicide statute provides that the damages recoverable are punitive purely, and not compensatory, and must be such "only as the jury may assess." This only makes the amount recoverable uncertain, and within the discretion of the jury.

(6) The right, however, to set aside a conveyance as fraudulent, does not at all depend upon the amount of complainant's claim or demand against the debtor, or the wrongdoer in tort actions. The abstract right is the same whether the demand be one cent, one dollar, a hundred or a thousand dollars. Neither does the right at all depend upon the value of the property conveyed. No disproportion between the value of the claim or demand, and the value of the property conveyed, affects the absolute right to maintain a bill to set aside the conveyance. This question might go to the propriety, but not to the right, of maintaining such a bill.

Our present statutes as to fraudulent conveyances are different from the statutes of most all of the other states, and also different from our ancient statutes on the subject. That is, they give simple existing creditors or persons having present existing claims, demands, suits, etc., the same rights as if their debts, claims, demands, or suits had theretofore been reduced to judgment. The persons or classes mentioned in our statute, who can file a bill like the one in question, are described as follows: "Creditors, purchasers, or other persons of their lawful suits, damages, forfeitures, debts, or demands."—Code 1907, § 4293.

The complainant here, we hold, comes within both the letter and the spirit of the statute. The statute in terms includes all

[Galloway, et al. v. Shaddix.]

who have suits and who would be hindered or delayed by the fraudulent conveyance.   This bill, however, alleges that complainant had recovered a judgment before filing the bill; but the claim or demand was clearly within the statute when the conveyance was made, and hence he was not required by the statute to reduce it to judgment before filing the bill.

There is a dictum, if not a holding, to the contrary, however, in the case of *Dowling v. Garner*, 195 Ala. 493, 70 South. 150. But the decision could have been rested solely on the ground which is well stated in the first part of the opinion; that is, that the chancery court has neither original nor statutory jurisdiction of a suit to recover damages for wrongful death, as provided under our homicide statute, for the reason that the statute confers the right, requires a jury to assess the damages, and places the amount of the recovery within the discretion of the jury. The prime purpose of the bill in *Dowling's Case* was to recover damages by a suit in equity; the attempt to set aside the conveyance was purely incidental.   The bill in that case, therefore, could not be given equity, by its merely seeking to set aside a conveyance as fraudulent against a suit or claim which could not be reduced to judgment or decree.

So much of the opinion in that case as decided that an administrator cannot file a bill to set aside a conveyance as fraudulent, until he has reduced his claim to judgment, was dictum and was unsound.   If the claim or demand is not within the protection of the statute when the conveyance is made, it cannot thus be made retroactive.   The rights of the donee or grantee cannot thus be affected or controlled by subsequent acts of the donor, grantor, or his creditors, or those claiming under them.   The status and rights of the parties are fixed by law at the time the conveyance or gift is consummated, and if valid or void then, as to any of such parties, it cannot be thereafter changed at the will or wish of only one party to the matter or rights in question. The creditor may waive the rights he acquired, but he cannot, by his own acts thereafter, create a right which he did not have when the conveyance was made.

Our statutes, as we have shown, make the right to file the bill concurrent, in point of time, with the making of the fraudulent conveyance.   In other words, our present statute does not require the debt, claim, or demand, which is protected by the statute, to be reduced to judgment before the bill is filed.   The action

[Fogg v. The State.]

at law to reduce to judgment, and the bill to set aside, are concurrent remedies in point of time, though the latter is in fact merely in aid of the action at law; that is, to give the plaintiff the fruits of his judgment when recovered.

It follows that there was no error in overruling the demurrers to complainant's bill.

The majority concur in the conclusion, and think that this bill falls within the rule laid down in the *Dowling Case, supra,* and that it is unnecessary to explain or qualify said case in order to decide this one.

Affirmed.

ANDERSON, C. J., and MCCLELLAN, SOMERVILLE, and GARDNER, JJ., concur in the conclusion. THOMAS, J., concurs in full. SAYRE, J., not sitting.