160 So.2d 470

**E. L. ALBREAST**

**v.**

**Marjorie A. HEATON et al.**

3 Div. 55.

Supreme Court of Alabama.

Jan. 30, 1964.

Edwin C. Page, Jr., Evergreen, for appel-lant.

Horne, Webb & Tucker, Atmore, for appellees.

## PER CURIAM.

This is a declaratory action by complainant-appellant in which he seeks to be recognized as the only true and lawful owner in fee simple of certain real property in Conecuh County where his suit, in equity, was filed.

From an adverse decree holding that he is a tenant in common with respondents—some of whom filed a cross-bill to have the subject lands sold for division of the proceeds among the joint tenants in common—and ordering a sale of the lands for division as prayed, declaratory petitioner appeals.

The sole factual and legal question presented for determination on this appeal is whether or not § 5, Title 16, Code of Alabama, 1940, has a field of operation so as to exclude respondents from sharing the title to the property in common with appellant. This section reads as follows:

"§ 5. No distinction made against heirs of half-blood; exceptions.— There is no distinction made between the whole and the half-blood in the same degree, unless the inheritance came to the intestate by descent, devise, or gift from or of some one of his ancestors; in which case all those who are not of the blood of such ancestor are excluded from the inheritance as against those of the same degree."

It appears from the undisputed evidence that one Drucilla Albreast, on August 20, 1918, conveyed by warranty deed the subject lands to her daughter, Alabama V. Albreast (subsequently married to one Black). This grantee died intestate and without husband, children, father or mother surviving her, and owning said lands. The deed recited a cash consideration of $5.00, was free of any other recited consideration, and contained the usual granting and habendum clauses pertinent to a warranty deed.

It appears further from the pleadings and the evidence that Charles G. Albreast, husband of grantor in the foregoing mentioned deed, was married twice, and from the other union was the grandfather and great grandfather of respondents. Born to the marriage with the grantor, Drucilla Albreast, were two children, complainant and Alabama V. Albreast Black. Thus, it appears that respondents are related to the two (and only) children of grantor by half and not whole blood.

Pursuant to the above copied provision of the Code, as applied in the case of Purcell v. Sewell, 223 Ala. 73, 134 So. 476, and other cases of like import, complainant and respondents are tenants in common in the real property so conveyed by Drucilla Albreast to her daughter if the deed was one of purchase, but with fee simple title solely in appellant, if the transfer of title was a gift. In the latter instance respondents would not share in the title due to the operation of § 5, supra.

Seeking to show that the foregoing transfer of title by grantor, Drucilla Albreast, was by gift, so as to bring it within the purview of § 5, supra, thus confining the title solely in appellant as the only whole blood heir of grantee, Alabama V. Albreast Black, appellant offered evidence (rather weak, we think) that the land on August 20, 1918, the date of the deed, was worth $3,000.00 to $3,500.00, which value, when considered along with the nominal consideration of $5.00 expressed in the deed was sufficient to support the allegation in the petition that complainant-appellant · is the sole owner in fee simple of the land. Such evidence tended to contradict and nullify the words of purchase appearing in the deed.

The testimony in the case was taken orally before the trial judge pursuant to § 372 (1), Title. 7, Code of Alabama, as recompiled in 1958, whereby the trial judge is restricted to consideration of such evidence as is relevant, material, competent and legal, whether objections have been made thereto or not, and whether such testimony be brought out on direct, cross, or re-direct examination, or is hearsay.

The issue here presented for judicial observation and determination is whether or not the proffered testimony as to value, together with the recited consideration of $5.00 appearing in the deed, was admissible to show that the transfer of title was by gift instead of purchase as reflected by the deed.

We are in harmony with the thought expressed in appellant's brief and argument that there is no case decided by this court that is exactly in point. However, we are inclined to view judicial expressions in some of our cases, which we cite below, as being unfavorable to appellant's contention that the evidence was admissible to establish that the transfer of title was by gift rather than by purchase, and should have been considered by the trial judge, if, in fact, it did not do so. This we cannot say, for the record before us is not clear on that point. The decree ordering the sale could have been based on a disbelief of the testimony rather than a rejection of its admissibility. In this respect the decree is silent. There was no ruling on this phase of the evidence during the trial.

It is said in 32 C.J.S. Evidence § 950, pp. 873–876, as follows:

"It is a well established rule, sometimes embodied in statutes, that the true consideration of a deed of conveyance may always be inquired into, and shown by parol evidence, without allegations of fraud or mistake, or seeking reformation of the deed, as for the purpose of showing the amount or character of the consideration, or by whom it was paid, for the obvious reason that a change in, or contradiction of, the expressed consideration does not affect in any manner the covenants of the grantor or grantee, and neither enlarges nor limits the grant. It is also permissible, where there is no contradiction of the contractual terms of the instrument, to show want or failure of the consideration recited in a deed; but these rules cannot be extended so as to let in proof overturning the operative words of the grant in a deed free from ambiguity, or contradicting the deed itself or the descriptions therein, or for the purpose of invalidating the instrument or impairing its effect as a conveyance, as by showing that there was no consideration, unless there are special circumstances such as fraud, retention of possession by the grantor, or the like. Where the consideration is stated not by way of mere receipt or recital of fact, but in such a way as to make it one of the terms of the contract between grantor and grantee, a different consideration, whether variant or additional, cannot be shown by parol."

This court, in the case of Union Bank & Trust Co. v. Royall, 226 Ala. 670, 148 So. 399(2), held as follows:

"It is a well settled general rule that parol evidence is admissible to show the true consideration of like kind as expressed in the deed, that it is greater or less, but evidence going to show a consideration of a different kind is not admissible. Pique Manier & Hall v. Arendale, 71 Ala. 91; Gilliland v. Hawkins, 216 Ala. 97, 112 So. 454; McGehee v. Rump, 37 Ala. 651; 10 R.C.L. p. 1043, § 237; 22 C.J. p. 1161, § 1557; Maurice O'Connell v. Jasper Kelly, 114 Mass. 97."

The late and eminent jurist, Justice Somerville of this court, in the case of Ohmer v. Boyer, 89 Ala. 273, 7 So. 663(2), spoke for this court as follows:

" * * * The recital of a valuable consideration in a deed, although nominal, estops the grantor, and those holding under him, from alleging that it was executed without any consideration. Parol evidence is not admissible to qualify the extent of the title conferred, or to otherwise vary the legal effect of a deed, by attacking the consideration, even though nominal. In other words, the operation of the instrument as to the interest or estate purporting to be conveyed cannot be affected by oral evidence of another or a different consideration. [Mobile & M. R.] Railroad Co. v. Wilkinson, 72 Ala. 286; 3 Brick. Dig. 299, § 41; Draper v. Shoot, 69 Amer.Dec. 462. The recital of a nominal consideration has been held sufficient, as between the parties, to prevent a resulting trust, and to confirm the title in the feoffee. Jackson v. Cleveland, 90 Amer.Dec. 266, 270 note; Sand. Uses & Trusts, 334, 335. As forcibly observed by Cabell, J., in Harvey v. Alexander, 1 Rand. (Va.) 219 [10 Amer.Dec. 519], 'this is not the case of a deed purporting to be for a good consideration only. It is in express terms for valuable as well as for good consideration. It is true that the valuable consideration expressed is only one dollar. But one dollar, viewed as a consideration, is [between the parties] as much a valuable consideration as a million of dollars.' And we accordingly hold that parol evidence is inadmissible, in the absence of fraud or mistake, to show in this case the falsity of the recital. 2 Pom.Eq.Jur § 1035, note 1; Squire v. Harder, 1 Paige, 494. The evidence offered for this purpose should have been excluded. It was competent to show that a less sum than that recited was in fact paid, but not that nothing was paid, or that there was no consideration whatever for the deed, which was an executed not an executory contract, in any manner requiring the aid of a court of chancery to perfect the grantee's rights under it. A different rule would of course prevail if the deed was assailed for fraud by a creditor of the grantor.—Myers v. Peck, 2 Ala. 648."

Chief Justice Brickell, whose eminency and judicial utterances as a member of this court, are greatly respected, observed in the case of Hubbard v. Allen, 59 Ala. 283, as follows:

" * * * But that the real consideration was not pecuniary—was mere love and affection—was good, not valuable, it is not admissible to prove. The nature of the conveyance would be changed, and the consideration proved, would be different from, and inconsistent with that expressed.—Murphy v. Br. Bnk. Mobile, 16 Ala. 90; Potter v. Gracie, 58 Ala. 303; Ellinger v. Crowl, 17 Md. 361; Cunningham v. Droyer, 23 Md. 219; Hildreth v. Sneeds, 2 Johns.Ch. 35; Bump on Fraud.Conv. 579."

In Murphy v. Branch Bank at Mobile, 16 Ala. 90, supra, we observed:

"The general rule is too well established now to be shaken, that a consideration not expressed in a deed, and which is inconsistent with the consideration expressed cannot be shown by parol proof. 1 Greenl.Ev. §§ 285; Mead v. Steger, 5 Port. 498; [Toulmin v. Austin] 5 Stew. and P. 410. If, however, there is no consideration expressed, proof may be received to show what the consideration was. 1 Vesey, 128; [Davenport v. Mason] 15 Mass. 92. And it is said, if a deed mentions a consideration, and adds the words for other considerations, that proof may be received to show what those other considerations are. So if a monied consideration is expressed, proof may be received to show that the sum was greater or less than the amount expressed in the deed. But the authorities deny that parol proof can be received to establish a consideration

wholly different from that expressed in the deed. Garrett v. Stewart, 1 McCord, 514; Starkie Ev. 1004; [Mead v. Steger] 5 Port. 506; [Schemerhorn v. Vanderheyden] 1 Johns. 139 [3 Am. Dec. 304]. Here the deed sets out the consideration on which it purports to have been executed, to wit, the anxiety of the grantor, to provide for his wife, and one dollar, in cash paid. The proof would establish that the deed was executed in conformity with an undertaking entered into by Dossey, at the time the negroes were delivered to him. This is a consideration entirely different from that mentioned in the deed, and parol proof cannot be received to establish it, without violating the well settled rules of evidence."

In Potter v. Gracie, 58 Ala. 303, 307, 29 Am.Rep. 748, supra, the following definition was quoted with approval:

" * * * 'A *good* consideration, is such as that of blood, or of natural love and affection, when a man grants an estate to a near relation, being founded on motives of generosity, prudence and natural duty; a *valuable* consideration, is such as money, marriage, or the like, which the law esteems an equivalent for the grant, and is therefore founded in motives of justice.' * * * "

Justice McClellan, speaking for this court in the case of Higdon v. Leggett, 208 Ala. 352, 94 So. 359, judicially determined as follows:

" * * * The conveyance, as construed *on former appeal, is a deed of purchase, reciting a valuable consideration moving from the grantee, then Mrs. Leggett. To admit parol evidence with the design and with the effect of attributing to it the quality of a deed of gift, rather than a deed of purchase, would offend the rule which forbids the acceptance of parol evidence to alter, vary, or contradict

the operation of an instrument of this character. * * * "

The deed presented for construction in this case shows that the grantee, Alabama V. Albreast (Black) acquired the lands through purchase from her mother. The expressed consideration is only for $5.00, maybe a nominal sum, but it is valuable in the light of the aforequoted definition (Potter v. Gracie, supra) as to what constitutes consideration that is good and one that is valuable. The wording of the deed nowhere mentions grantor's love and affection for her daughter as a consideration for the transfer of the land, nor does it refer to motives of generosity, prudence and natural duty, so as to impress the instrument with a good consideration. The transfer, according to the recital in the deed, is motivated by a pecuniary sum, although small in amount. Also appears the word "sell" in the granting clause.

We do not think that the evidence at issue was admissible to change the character of the deed from one of purchase to one of gift—motivated by natural love and affection of generosity.

Section 5, supra, was in full force and effect on August 20, 1918, when the deed was dated. Many decisions had been rendered construing this section. Grantor under the law was charged with knowledge of its effect. Notwithstanding, she elected to and did execute a conveyance of purchase rather than of gift. The grantee accepted the deed in its then form as one of purchase, likewise being charged with knowledge of § 5, supra. The instrument and its effect remained unchallenged until after the death of grantee, which occurred the latter part of 1959.

We are constrained to hold that the the evidence as to the value of the land on the date of the execution of the deed, and the nominal sum of $5.00 consideration appearing in the deed, cannot be considered together or separately to effect a change in the character of the deed from that of purchase to one of gift. To hold other-

wise might have a very disturbing effect on titles to land and would be contrary to the tenor of the decisions of this court to which we have made reference.

The decree of the trial court is free from error so far as argued on this appeal and is due to be affirmed. It is so ordered.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.