189 So.2d 352

**John W. MOTLEY et al.**

v.

**WARREN TRADING COMPANY.**

4 Div. 243.

Supreme Court of Alabama.

June 23, 1966.

Rehearing Denied Aug. 25, 1966.

Alice L. Anderson, Enterprise, for appellants.

Kenneth T. Fuller, Enterprise, for appellee.

SIMPSON, Justice.

The following, taken from the final decree appealed from, will supply the issues in this appeal:

"In essence, the bill of complaint seeks to have a deed, marked 'Exhibit A' to the bill of complaint, conveying certain described real estate from John W. Motley to Mrs. Lou Motley, wife of John W. Motley, set aside and held for naught because said conveyance was made without adequate consideration and was made with the intent to hinder, delay or defraud the creditors of the said John W. Motley. It further seeks that the Court will ascertain the amount of indebtedness owing by respondent, John W. Motley, to complainant, includ- interest and attorney's fees, and make a decree for such amount, and tax the 120 acres of land owned by the said John W. Motley with the above indebtedness, and if necessary, sell the said property paying therefrom such necessary deductions and out of the balance pay the complainant's just debt.

"The salient facts bearing upon the issues are in substance as follows: Respondent, John W. Motley, was the owner of lands in Coffee County, Alabama, described as follows: The E ½ of the SE ¼, Section 3, Township 3, Range 21, and the SW ¼ of the SW ¼ of Section 2, Township 3, Range 21. This tract of land as described contained 120 acres. Respondent Motley and wife had resided on the land nearly 71 years as their homestead, having obtained the tract of land from heirs of the estate

of A. M. and R. A. Motley. They have lived and farmed this land until recently. Mr. Motley farmed all of his life. He did business with Warren Trading Company from early 1920 until sometime in 1962. The business of Warren Trading Company was, among others, the furnishing and financing farmers in the locality to make their crops. After a consultation between the complainant, J. L. Warren, Jr., and respondent, John W. Motley, concerning the indebtedness allegedly owed by Motley to Warren Trading Company in February, 1964, the respondent executed the deed to his wife, respondent Lou Motley, on March 6, 1964, for a recited consideration of 'Ten Dollars and other valuable consideration'. The deed recited that it was made subject to a first mortgage held by the Federal Land Bank of New Orleans. The indebtedness owing as of February 26, 1965, was $1,470.22. Evidence reflected that Warren Trading Company had not received any payments by Mr. Motley on his account since October 17, 1962. The present balance of the Motley account as reflected by the audit of the records of original entry by an accountant from December, 1951, through October 17, 1962, was $1,308.35. * * *

"On the issue of the conveyance and the property conveyed the facts are as follows: The land as hereinabove described is located in Coffee County, Alabama, near Battens Crossroads. The land was originally owned by Mr. Motley's father and after his death by subsequent conveyances among the heirs the respondent came into possession of it as his lands. He and his wife have made their home here. John W. Motley and Mrs. Lou Motley in March, 1951, by warranty deed conveyed to J. L. Warren, Sr., approximately 158 acres from the tract of land owned by Mr. Motley leaving the present 120 acres in issue. Mr. Motley states that J. L. Warren, Sr. paid him $50.00 an acre for said land and as a result he was out

of debt in 1952, to Warren Trading Company, and was owed $800.00 by J. L. Warren, Sr. Mr. J. L. Warren, Sr., is now deceased. On February 29, 1964, he talked to complainant, J. L. Warren, Jr., concerning his indebtedness. March 6, 1964, respondent executed the deed conveying the 120 acres as described to his wife. Mr. Motley states that she (Mrs. Motley) paid him $10.00 for his interest. He stated that complainant told him he probably would sue him to collect the account if not paid or if some other arrangements were not made and so he deeded it. * * *

"The Court has examined, compared, and considered the vouchers, receipts, checks, books of original entry, and the evidence offered by the complainant and respondents, and is of the same opinion expressed by Mr. Motley, that the correctness or accuracy of the account was never doubted or questioned and he received credit on his account whenever he settled in the fall after gathering his crop, or when he paid on his account. It is therefore the considered opinion of the Court, in view of the evidence, that the balance which is just, due, correct and owing by respondent, John W. Motley, to complainant is the sum of $1,307.65 with interest.

"The Court is of the opinion that the above debt was in existence and owing to the complainant, a creditor of the respondent grantor, John W. Motley, at the time when the deed was executed by him to his wife. * * * The Court having considered all of the evidence is of the opinion that there was a lack of substantial valuable consideration and the inadequacy of the consideration, with the other facts of the case, justify a conclusion that there was an actual intent to hinder, delay or defraud the creditors of respondent, John W. Motley, and nothing more than a voluntary conveyance was executed. * * and that the grantee had notice of an intent by the grantor to hinder, delay,

or defraud his creditors, or that she was in possession of sufficient facts, which if pursued with reasonable diligence, would have led to such knowledge. Therefore, the conveyance is void as to complainant's prior indebtedness against the grantor, John W. Motley, and should be cancelled and annulled."

The court gave the respondent Motley fifty days from the date of the final decree to pay the amount found to be due and ordered the Register of the Court to sell the property to satisfy the debt in the event of respondent's failure to pay.

This decree is appealed from.

 Although numerous assignments of error are made none are sufficiently argued in appellants' brief to warrant our consideration save that the decree appealed from is not supported by sufficient evidence. It is appellants' contention that there was a failure on the part of complainant below to discharge the burden of proof which the law places on it to prove that the conveyance was made to hinder or defraud creditors. We disagree. We have read carefully the evidence offered and find ourselves in agreement with the trial court that it was sufficient to show that the grantor conveyed this property to his wife because the complainant J. L. Warren, Jr., had told him that he would have to sue him unless his account was settled. In fact the respondent Motley testified as much himself. Undoubtedly under Title 7, § 897 the complainant in a bill to subject to the payment of his debt any property fraudulently transferred by his debtor must prove that the conveyance was made to hinder or delay creditors. Morris & Co. v. Barton & Allen, 180 Ala. 98, 60 So. 172. However, we think that burden has been discharged here. In addition, it is equally true that when the complainant has alleged that a conveyance has been made voluntarily and made with the intent to hinder, delay and defraud creditors, the burden is upon the respondents to aver and prove that there was a valuable consideration for the conveyance, in what it consisted and how it was paid. Wooten v. Steele, 109 Ala. 563, 19 So. 972. Here the respondents have failed to discharge this burden.

■ The court in its final decree correctly excepted from the operation of the decree the homestead of these parties. We find no defect sufficient to reverse.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.