235 So.2d 654

**Clyde H. RODDAM et al.**

v.

**Rance MARTIN et al.**

6 Div. 740.

Supreme Court of Alabama.

April 30, 1970.

Rehearing Denied May 28, 1970.

London, Yancey, Clark & Allen, Birmingham, for appellants.

Cato & Hicks, Birmingham, for appellees.

MERRILL, Justice.

This appeal is from a decree setting aside as fraudulent a deed from appellants, Clyde H. Roddam and wife, Janet W. Roddam, to his mother, appellant Clara Belle Roddam, at the insistence of appellees, judgment creditors of appellant Clyde H. Roddam.

Clyde H. Roddam had inherited the suit property when his father died. The widow and mother, Clara Belle Roddam, continued to live in the house on the premises. On the same day, September 7, 1966, that appellants secured tort judgments against Clyde H. Roddam, he and his wife deeded the property to his mother. The consideration stated in the quit claim deed was "ONE DOLLAR and love and affection."

The bill of complaint charged "that there was no real consideration for said deed and that said conveyance was made for the purpose of hindering, delaying or defrauding your Complainants in the collection of their respective judgments." After demurrer to the bill was overruled, appellants answered by admitting some of the paragraphs of the bill and denying all of the paragraphs charging that the conveyance was fraudulent.

After an oral hearing, the trial court found "that the said instrument was voluntarily issued by the said grantors and fraudulently designed to defeat the efforts of Complainants to collect upon the said judgments." The decree was rendered in accordance with this finding.

It is only fair to say that counsel on appeal did not enter the case until after its inception.

All of appellants' assignments of error charge in different language that the court erred in decreeing that the conveyance was voluntary, and fraudulent and void as to appellants.

Two pertinent statutes read as follows:

"A creditor without a lien may file a bill in equity to discover, or to subject to the payment of his debt, any property which has been fraudulently transferred or conveyed, or attempted to be fraudulently transferred or conveyed by his debtor." Tit. 7, § 897, Code 1940.

"All conveyances, or assignments in writing, or otherwise, of any estate or interest in real or personal property, and every charge upon the same, made with intent to hinder, delay, or defraud creditors, purchasers, or other persons of their lawful suits, damages, forfeitures, debts, or demands; and every bond, or other evidence of debt given, suit commenced, decree or judgment suffered, with the like intent, against the persons who are or may be so hindered, delayed, or defrauded, their heirs, personal representatives and assigns, are void." Tit. 20, § 7, Code 1940.

In Galloway v. Shaddix, 197 Ala. 273, 72 So. 617 (1916), Mayfield, J., wrote:

"Our present statutes as to fraudulent conveyances are different from the statutes of most all of the other states, and also different from our ancient statutes on the subject. That is, they give simple existing creditors or persons having present existing claims, demands, suits, etc., the same rights as if their debts, claims, demands, or suits had theretofore been reduced to judgment. The persons or classes mentioned in our statute, who can file a bill like the one in question, are described as follows: 'Creditors, purchasers, or other persons of their lawful suits, damages, forfeitures, debts, or demands.'"

█ The opinion in Galloway was not then the law because a majority of the court concurred only in the conclusion. The majority was not willing to overrule a former case, Dowling v. Garner, 195 Ala. 493, 70 So. 150, on a point not at issue in Galloway. The opinion in Dowling stated that a personal representative could not maintain an action in equity to set aside a conveyance as fraudulent until his claim under Tit. 7, § 123, Code 1940 (the wrongful death statute) was reduced to judgment. Whether a judgment was necessary was not at issue in Galloway because a judgment had been obtained before the bill to set aside the fraudulent conveyance was filed.

But in Myers v. Redmill, 266 Ala. 270, 96 So.2d 450, a unanimous court agreed that the opinion of Justice Mayfield "correctly states the law, and that it is applicable whether or not judgments have been recovered *before* the bill to set aside the alleged fraudulent conveyance is filed, and irrespective of whether or not the damages sought are compensatory or punitive."

In the instant case, the judgments had been secured prior to the filing of the bill, so that point is not here present.

Based upon the opinions in *Galloway* and *Redmill*, we note some principles which are applicable here:

█ 1. Ordinary claims for damages arising from torts are within the protection of the statute, including claims of a personal representative under the wrongful death statute.

█ 2. It is not the judgment which creates the relation of "creditor" under the statute, but the wrong which produces the injury and gives rise to the damages which are recovered. Hence, the date of the wrongful act, and not the filing of the suit or the recovery of the judgment, fixes the status and rights of the parties.

█ 3. Our present statute, Tit. 20, § 7, does not require the debt, claim or demand, which is protected by the statute, to be reduced to judgment before the bill to set aside a conveyance as fraudulent is filed. The action at law to reduce to judgment, and the bill to set aside are concurrent remedies in point of time, though the latter is, in fact, merely in aid of the action at law; that is, to give the plaintiff the fruits of his judgment when recovered.

█ When the complainant has alleged that a conveyance has been made voluntarily and made with intent to hinder, delay and defraud creditors, the burden is upon the respondents to aver and prove that there was a valuable consideration for the conveyance, in what it consisted and how it was paid. Motley v. Warren Trading Co., 279 Ala. 669, 189 So.2d 352;

Wooten v. Steele, 109 Ala. 563, 19 So. 972. These necessary allegations were made by the complainants in the instant case, but respondents alleged nothing more than the admissions and denials already noted.

Appellants contend that under the facts of this case, the expressed consideration in the deed, "ONE DOLLAR and love and affection" was sufficient to prevent the conveyance from being voluntary as a matter of law. "Love and affection" is a "good" consideration rather than a "valuable" consideration; it is sufficient consideration between the parties, and evidence going to show a consideration of a different kind is not admissible, but a different rule prevails if the deed is assailed for fraud by a creditor of the grantor. Albreast v. Heaton, 276 Ala. 185, 160 So.2d 470, and cases there cited. It is undisputed that the grantee, Roddam's mother, knew about the Martin claims and judgments. The expressed consideration was not valuable as against a creditor.

Appellants also contend that there was no proof of the allegation in the bill "that said conveyance includes all or substantially all of the property of the Respondent, Clyde H. Roddam, subject to execution for the collection of the judgments of your Complainants."

This was not necessary and such averment should be and probably was treated as surplusage by the trial court.

The concurrence of three elements is essential before a conveyance can be declared fraudulent under Tit. 20, § 7, quoted supra. It must be shown that there is: (1) a creditor to be defrauded, (2) a debtor intending to defraud, and (3) a conveyance of property out of which the creditor could have realized his claim or some portion thereof. Adkins v. Bynum, 109 Ala. 281, 19 So. 400. All of these elements are present in the instant case.

Appellants cite Brunson v. Rosenheim & Son, 149 Ala. 112, 43 So. 31, as showing that an execution was issued and returned "No property found"; and that nothing like that occurred in this case. Such a return on an execution is not a necessary element of a case where a creditor seeks to set aside a conveyance as fraudulent. It was a fact in the *Brunson* case, but certainly not necessary since Myers v. Redmill, 266 Ala. 270, 96 So.2d 450. It is obvious that a proceeding like the present one may be started and completed before there is a judgment on the claim, and no execution could be issued until a judgment has been rendered.

The respondents have failed to discharge the burden cast upon them by the necessary allegations and proof. We find no reversible error in the decree of the trial court.

Affirmed.

LAWSON, HARWOOD, MADDOX and McCALL, JJ., concur.