266 So.2d 761

**Howard R. POPE and Willie Mae Pope**

v.

**Clara Bell PAYNE.**

**6 Div. 964.**

Supreme Court of Alabama.

Sept. 14, 1972.

S. P. Keith, Jr., Birmingham, for appellants.

George S. Brown, Birmingham, for appellee.

MADDOX, Justice.

Complainant-appellee Clara Bell Payne filed a bill to set aside a quit claim deed executed by appellant Howard R. Pope to his wife, Willie Mae Pope. Complainant Payne alleged that she was struck by a car driven by appellant Howard Pope on November 6, 1969, and that the deed given by Pope to his wife eleven days later on November 17, 1969 was executed for the purpose of hindering, delaying or defrauding her in the collection of her tort claim against Pope.

In her bill to set aside the quit claim deed, Clara Bell Payne alleged that she filed suit against Pope on December 31, 1969 and that a default judgment with leave to prove damages was entered upon Pope's failure to appear. On November 20, 1970 a judgment was rendered in favor of Clara Bell Payne and against Pope in the amount of $10,000.

Complainant's bill to set aside the conveyance from Pope to his wife was filed on January 27, 1971.

Demurrers filed by the Popes were overruled and they filed an answer which admitted the accident happened but claimed that Clara Bell Payne was "either intoxicated or was under the influence of beer, whiskey or drugs." The Popes also said in their answer that the property involved

was their homestead and that Howard Pope was indebted to his wife for monies borrowed from her prior to the date the accident occurred. The Popes also denied they had notice of the taking of the default judgment. They also denied that the quit claim deed was made without consideration and for the purpose of hindering, delaying or defrauding Clara Bell Payne of any judgment she might thereafter obtain against Howard Pope.

The evidence was taken orally before the court. Complainant introduced two exhibits, a copy of her suit against Howard Pope, which set out the date of the accident and a certified copy of the quit claim deed in question. She then rested. The Popes moved the court to exclude the evidence and dismiss the cause on the ground that the complainant had not sustained her burden of proof. This motion was denied.

Howard Pope testified that the consideration for the quit claim deed was an indebtedness of $6,800 he owed his wife prior to the time of the accident. In other words, Howard Pope sought to negative the allegation that the execution of the quit claim deed to his wife was for the purpose of hindering, delaying or defrauding Clara Bell Payne of her tort claim.

Appellants raise two main points here: (1) The complaint was insufficient in that it only contained a general averment that the conveyance was made to hinder, delay or defraud; and (2) the evidence was conclusive that a full and adequate consideration had been paid for the conveyance. Neither point is sufficient to work a reversal.

■ As to point one, the complaint alleged that Clara Bell Payne had a tort claim as of November 6, 1969. Eleven days later, the complaint alleges, Howard Pope transferred his property to his wife for a recited consideration of "one dollar and other good and valuable consideration." Appellants cite Skinner, et al. v. Southern Grocery Co., 174 Ala. 359, 56 So. 916

(1911) in support of their argument that the complaint was insufficient. But even in Skinner, this court said (174 Ala. at p. 366, 56 So. at p. 918):

"For a bill to be sufficient under this statute, it is not necessary that it should set forth facts showing any formal or premeditated design to accomplish the illegal purpose. It is enough that it alleges facts which reasonably show an intent to hinder, delay, or defraud the creditors. If facts are thus alleged which reasonably show the necessary intent, the transaction cannot be sustained by showing that there is open to the creditors some remedy other than the setting aside of the fraudulent transactions."

We think the averments in this bill that the voluntary conveyance to the wife eleven days after the tort claim accrued made the general averment of fraud sufficient. See Gordon v. Gleason, 267 Ala. 351, 101 So.2d 542 (1958); Roddam v. Martin, 285 Ala. 619, 235 So.2d 654 (1970).

We now consider appellants' contention that the trial court should have found in their favor since the only evidence was to the effect that a full and adequate consideration was given for the conveyance. In the first place, most of the allegations of the complaint were admitted by the Popes in their answer.

In Roddam v. Martin, 285 Ala. 619, 235 So.2d 654 (1970), this court said that there are three essential elements which must concur before a conveyance can be declared fraudulent: (1) a creditor to be defrauded; (2) a debtor intending to defraud; and (3) a conveyance of property out of which the creditor could have realized his claim or some portion thereof. We think these elements were proven in this case. Clara Bell Payne, as a tort claimant, was a "creditor." Gunn v. Hardy, 130 Ala. 642, 31 So. 443 (1900). Roddam v. Martin, supra. Howard Pope was the alleged tort-feasor and was therefore

the debtor. The creditor could have realized all or a portion of her claim out of the interest in the property which Pope conveyed to his wife.

 The burden was on the Popes to overcome clearly and specifically the presumption of bad faith inherent in the transaction and to show a valuable consideration for the conveyance. The Popes presented evidence, albeit without documentary substantiation, that the husband owed the wife money prior to the date of the accrual of the tort claim. But the trial court was not bound to believe this testimony, and apparently did not, because he found in favor of the appellee. We cannot say his finding is clearly and palpably wrong, especially in view of the burden placed upon the respondents to show the bona fides of the transaction being attacked. See 10A Ala.Dig. Fraudulent Conveyances ⊚277(3). The judgment of the trial court is due to be affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and SOMERVILLE, JJ., concur.