UNITED STATES of America, Plaintiff,

v.

Billy H. GRICE; Jlain W. Grice, Belinda Carmen Grice; and Enterprise Banking Company, Defendants.

Civ. A. No. 82-207-S.

United States District Court, M.D. Alabama, S.D.

May 31, 1983.

John C. Bell, U.S. Atty., Kenneth E. Vines, Asst. U.S. Atty., Montgomery, Ala., and Curtis L. Muncy, Atty., Tax Div., Dept. of Justice, Washington, D.C., for plaintiff.

Cassady, Fuller & Marsh, Joseph Cassady, Enterprise, Ala., for Enterprise Banking Co.

Maurice S. Bell, Montgomery, Ala., and Kermish, Labovitz, Rosemberg & Campbell, Stephen A. Kermish, Atlanta, Ga., for Belinda Carmen Grice.

## MEMORANDUM OPINION AND ORDER

HOBBS, District Judge.

This cause is now before the Court on plaintiff's motion for summary judgment, filed May 4, 1983. In support of its motion, the Government filed a memorandum of law and several exhibits. Although invited to do so, none of the defendants has filed counteraffidavits or exhibits in opposition to plaintiff's motion.

The Government brought this action in October of 1982 seeking to have the Court set aside as fraudulent certain transfers of real estate by defendants Jlain and Billy Grice to their daughter, Belinda Carmen Grice.[1] The Court has jurisdiction of this action pursuant to 28 U.S.C. Sections 1340 and 1345.

On January 25, 1975, defendants Billy and Jlain Grice transferred by warranty deed to their daughter, Belinda Grice, certain real estate on which was located their

---

1. The Government's complaint in this case also sought to obtain a deficiency judgment for the unpaid balance of assessment of taxes against Billy and Jlain Grice for the tax years 1971, 1972 and 1973. On January 20, 1983, this Court entered judgment against these defendants for $91,327.85 for the unpaid balance, leaving only the alleged fraudulent transfers at issue.

residence. The deed was not filed in probate court, however, until March 29, 1977. On April 1, 1977, three days after the filing of the warranty deed, defendants Jlain and Billy Grice transferred the same property, with improvements, to their daughter Belinda by quitclaim deed. This deed was not filed until August 1, 1977.

In 1976 Billy and Jlain Grice petitioned the United States Tax Court to determine their tax liability for the years 1971, 1972, and 1973. The Tax Court determined certain deficiencies in their tax payments existed, and Mr. and Mrs. Grice were assessed for said deficiencies. As a result of this assessment, a tax lien of the United States arose on the real property at issue on October 24, 1977. On December 16, 1977, notices of this tax lien were filed in the Coffee County Probate Court.

■ Under Alabama law,[2] a conveyance is deemed fraudulent pursuant to Section 8–9–6[3] of the Alabama Code when there is a creditor to be defrauded at the time of the transfer, the creditor could have realized its claim or some portion thereof out of the property conveyed, and if the debtor intended to defraud his creditor. *J.C. Jacobs Banking Co. v. Campbell,* 406 So.2d 834 (Ala.1981); *Roddam v. Martin,* 285 Ala. 619, 235 So.2d 654 (1970).

■ Even if the Court deems the transfer to Belinda Grice to have occurred on January 25, 1975, the date the warranty deed was executed, the Government still must be deemed a creditor as of that date, despite the fact that the assessment was not made until 1976. No matter when federal taxes are in fact assessed, they are considered due and owing, thus constituting a liability, when the tax return is required to be filed. *United States v. Ressler,* 433 F.Supp. at 463. Under this authority, defendants Jlain and Billy Grice were indebted to the Government for the tax years 1971, 1972 and 1973 on April 15 of 1972, 1973 and 1974. Therefore, the Government was a creditor of the Grices at the time of the transfers previously described.

■ At the time of the transfer in January of 1975, the Grices had approximately $33,000 equity in the house and lot in question. It appears, therefore, that the Government could realize a portion of its claim out of this property, thus satisfying the second requirement under Alabama law.

■ At first blush the question of the Grices' intent to defraud appears to be a disputed question of fact making summary judgment unavailable. The Government correctly points out, however, that such a determination can be made as a matter of law. Under Alabama law an expressed consideration in a deed of "one dollar and love and affection" is not valuable consideration and therefore is insufficient against a creditor. *Roddam v. Martin,* 285 Ala. at 623, 235 So.2d at 656. The two deeds in question recited the consideration as "ten dollars and other valuable consideration." However, in answer to plaintiff's interrogatory number 1(b), which asked Belinda Grice to describe with particularity the consideration paid by her for the property, she answered: "The consideration was the love and affection for me by my parents, Billy H. Grice and Jlaine W. Grice, and to settle a dispute as to ownership of the property, in

**2.** A federal tax lien does not come into existence until the date of assessment. The tax lien in the case at bar, therefore, did not attach to the real estate in question until after the Grices transferred the property to their daughter. In such a situation the Government must seek relief under the fraudulent conveyance laws of the state in which the taxpayers and property are located—in this case, the law of Alabama. *See United States v. Ressler,* 433 F.Supp. 459, 463 (S.D.Fla.1977), *aff'd,* 576 F.2d 650 (5th Cir. 1978).

**3.** All conveyances or assignments in writing, or otherwise, of any estate or interest in real or personal property and every charge upon the same made with intent to hinder, delay or defraud creditors, purchasers or other persons of their lawful actions, damages, forfeitures, debts or demands, and every bond or other evidence of debt given, action commenced or judgment suffered with the like intent, against the persons who are or may be so hindered, delayed or defrauded, their heirs, personal representatives and assigns are void. Ala.Code § 8–9–6 (1975).

contemplation of their divorce." Defendants also contend that the conveyance to Belinda Grice was made on the advice of separate counsel in contemplation of their divorce. The Court concludes, however, that such consideration is not valuable under Alabama law. A judicial conclusion that no valuable consideration passed voids a deed as a matter of law, no matter the intent of the parties. *See Crovo v. Aetna Cas. & Sur. Co.,* 336 So.2d 1083, 1086 (Ala. 1976). The third factor appears satisfied.[4]

In accordance with the joint stipulation of fact filed by all parties in this cause on May 24, 1983, the Court further finds that defendant Enterprise Banking Company has a valid mortgage lien on the real property in question here. Said mortgage lien arose November 3, 1973, prior to the Government's tax lien, and thus has priority over the tax lien to the proceeds of the sale of the real property.

Accordingly, in consideration of the law, the facts as established by the pleadings, the discovery and other exhibits, the Court finds that there are no genuine issues of material fact.

It is, therefore, ORDERED that plaintiff's motion for summary judgment, filed May 4, 1983, is hereby granted.

It is further ORDERED that plaintiff, within ten days from the date of this order, file with this Court a proposed judgment and order of sale and notice of sale.

It is further ORDERED that this case is removed from the trial docket for June 6, 1983.

---

4. Even if Belinda Grice's stated consideration is deemed valuable consideration, the amount she paid must also be shown to be adequate. If the amount is substantially inadequate, then fraud can be inferred as a matter of law. *See J.C. Jacobs Banking Co. v. Campbell,* 406 So.2d at 844. Belinda Grice's stated consideration can only be deemed substantially inadequate.