This is an appeal from a judgment upholding a conveyance of real estate; the *Page 928 
action was to set aside the conveyance as fraudulent. We reverse the judgment of the trial court and remand.
On January 9, 1983, 77-year-old Catherine Johnson had an automobile wreck; her vehicle collided with another vehicle occupied by Billy and Glenda Granberry and their son. All the parties suffered personal injuries. By the time this action came to trial, the Granberrys had incurred medical bills totaling over $25,000. Billy Granberry also incurred disabilities that require future medical treatment.
On January 28, 1983, Johnson transferred to her children all the property she owned. She conveyed her house and land by deed to one of her daughters, Marjorie Johnson White, who was to receive the property anyway through Johnson's existing will. Johnson also recorded a mortgage from her son, Maxwell T. Johnson, and his wife, Frances, and then assigned this mortgage and an accompanying promissory note to another daughter, Edna King. In addition, Johnson transferred a savings account containing about $2,000 to King; she also gave a power of attorney to King. Her children paid nothing in return. According to Johnson, she transferred the properties because she felt that she might die soon.
On August 4, 1983, the Granberrys filed an action against Johnson and White seeking to set aside the transfer of real estate as a fraudulent conveyance. A separate tort action was pending in Houston County Circuit Court against Mrs. Johnson charging her with negligence in the automobile collision. The trial court denied the defendants' motion for summary judgment in this action. Later, when the Granberrys discovered the assignment and the savings account transfer, they added Maxwell and Frances Johnson and King as defendants. The court granted summary judgment for Maxwell and Frances Johnson.
The court, without a jury, tried the case on the issue of whether the transfer of real estate to White was a fraudulent conveyance. After reviewing the evidence, the court stated that it was "not reasonably satisfied" that the conveyance was fraudulent. The court entered judgment for Johnson in regard to the real estate, and the parties stipulated that King would transfer back to Johnson the note and mortgage and the $2,000 account. The court accepted the stipulation and ordered King to make those transfers. The court denied the Granberrys' motion for a new trial, and this appeal followed.
The sole issue on appeal is whether the trial court correctly applied the law to these facts. The law on fraudulent conveyances is expressed in Code 1975, § 8-9-6:
 "All conveyances or assignments in writing, or otherwise, of any estate or interest in real or personal property . . . made with intent to hinder, delay or defraud creditors, purchasers or other persons of their lawful actions, damages, forfeitures, debts or demands . . . are void."
Thus, under the statute, the concurrence of three elements is necessary before a conveyance can be declared fraudulent: (1) that the creditor was defrauded; (2) that the debtor intended to defraud; and (3) that the conveyance was of property out of which the creditor could have realized his or her claim or some portion of it. Roddam v. Martin, 285 Ala. 619, 235 So.2d 654
(1970). The debtor-creditor relationship is created not by a judgment, but by the wrong which produces the injury; and it is the date of the wrongful act, not the date of the filing of the suit or of the judgment, which fixes the status and rights of the parties. 285 Ala. at 628, 235 So.2d at 656. Hence, a tort claimant is a creditor, and the alleged tortfeasor is the debtor. See also Pope v. Payne, 289 Ala. 203, 266 So.2d 761
(1972).
In Smith v. Wilder, 270 Ala. 637, 120 So.2d 871 (1960), this Court further articulated some of the principles governing fraudulent conveyances. An existing creditor seeking to set aside a conveyance may do so because of either actual fraud or constructive fraud. Actual fraud denotes *Page 929 
the actual mental operation of intending to defeat or delay the rights of the creditor. On the other hand, constructive fraud is based on facts and circumstances which courts have said constitute legal fraud, regardless of actual intent. The term "constructive fraud" is generally used to refer to those instances where a grantor, indebted at the time, conveys property without receiving valuable consideration.270 Ala. at 649, 120 So.2d at 882. See also J.C. Jacobs Banking Co. v.Campbell, 406 So.2d 834, 841-42 (Ala. 1981).
The Smith Court further stated that where one seeks to set aside a conveyance because of constructive fraud, the complainant bears the burden of showing that his or her debt antedated the conveyance. When such proof is made, the burden shifts to the grantee to show that (1) the grantor owed a debt to the grantee; (2) the consideration for the conveyance was the extinguishment of the existing debt; and (3) the value of the property conveyed was no more than a fair equivalent for the debt amount. Smith v. Wilder, 270 Ala. at 650,120 So.2d at 883. Conveyances of property between family members in the face of a pending suit against the grantor must undergo especially careful scrutiny. Reese v. Smoker, 475 So.2d 506 (Ala. 1985).
The Granberrys presented evidence that their claims, fixed by the date of the collision (January 9, 1983), preceded the date of the conveyance (January 28, 1983), thus shifting the burden to the defendants to justify the conveyance. The defendants offered no evidence that Johnson owed her daughter a debt or that the conveyance was intended to extinguish a debt. In fact, the defendants conceded that no consideration was given for the conveyance. Because the defendants did not meet their burden, Johnson's intent to defraud or hinder the Granberrys' recovery (if they won the pending negligence action) must be inferred from the facts as a matter of law. The trial court's judgment for the defendants was erroneous; the conveyance should have been set aside.
We reverse the judgment of the trial court and remand.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.