The plaintiff, Willis Pennington, appeals from a judgment in favor of the defendants, *Page 1345 
Bobby Bigham, Patricia Bigham Smith, individually and as administratrix of the estate of John Thomas Bigham, and John Thomas Bigham, a minor.[1] We reverse and remand.
The plaintiff filed suit against Bobby Bigham on February 9, 1983, in the Circuit Court of Tuscaloosa County. A default judgment was rendered against Bobby Bigham on March 21, 1983. The plaintiff filed a certificate of judgment in the Probate Court of Tuscaloosa County on May 16, 1983. On June 25, 1984, Bobby Bigham's father died. On July 5, 1984, Bobby Bigham executed a disclaimer of all interests in his father's estate. Letters of administration were granted to Patricia Bigham Smith on July 9, 1984. On July 26, 1984, the plaintiff had a garnishment issued to Patricia Bigham Smith as administratrix of the estate of John Thomas Bigham. She filed an answer denying that Bobby Bigham had a claim to any property of the estate. No trial was held on the garnishment. Thereafter, the plaintiff filed a declaratory judgment action against the defendants[2] alleging that the disclaimer executed by Bobby Bigham was a fraudulent conveyance and seeking an adjudication as to his right to collect his judgment from the property of the estate. The case was submitted to the trial court on stipulated facts, and it entered a judgment in favor of the defendants. Specifically, the trial court determined that Bobby Bigham had effectively disclaimed all interests in his father's estate and that the filing of the certificate of judgment in the probate court did not create a lien in favor of the plaintiff against any property of the estate. For the following reasons, we disagree.
As stated, this case was submitted to the trial court on stipulated facts. No testimony was taken; therefore, there is no presumption as to the correctness of the trial court's judgment. This Court sits in judgment on the evidence in the same manner as did the trial court. See cases collected at 2B Ala. Digest, Appeal Error, key no. 1009(6) ("Where evidence was in writing") (1982).
Section 6-9-210, Code 1975, provides for the filing of a certificate of judgment in the probate court. Section 6-9-211, Code 1975, states:
 "Every judgment, a certificate of which has been filed as provided in section 6-9-10, shall be a lien in the county where filed on all property of the defendant which is subject to levy and sale under execution, and such lien shall continue for 10 years after the date of such judgment; provided, that when an action or other proceeding to enforce or foreclose said lien is instituted or begun within said 10 years, but has not been completed, decided or determined within said 10-year period, and at the time said action or proceeding is instituted or begun, or lien claimed therein, a lis pendens notice thereof is filed in the office of the judge of probate of the county in which said property is situated, the lien provided for in this section shall continue as to the property upon which said lien is claimed in said action or proceeding and may be enforced or foreclosed in that action as if said 10-year period had not elapsed. No insolvency proceedings or declaration of insolvency shall affect or impair such lien, except bankruptcy proceedings instituted within four months after the filing of the certificate of judgment for record as provided by law. The filing of said certificate of judgment, as provided in section 6-9-210, shall be notice to all persons of the existence of the lien thereby created." (Emphasis added.)
When John Thomas Bigham died intestate on June 25, 1984, the legal title to a one-half interest in his real property vested eo instante in Bobby Bigham; however, it vested subject to the statutory power of the administratrix to take possession of it *Page 1346 
and obtain an order to have it sold for payment of the debts of his father's estate. § 43-2-370, Code 1975; § 43-2-442, Code 1975; Ex parte Stephens, 233 Ala. 167, 170 So. 771 (1936);Johnson v. Sandlin, 206 Ala. 53, 89 So. 81 (1921); Banks v.Speers, 97 Ala. 560, 11 So. 841 (1892); Nelson v. Murfee,69 Ala. 598 (1881); Calhoun v. Fletcher, 63 Ala. 574 (1879). Because the plaintiff had on May 16, 1983, filed a certificate of judgment in the Probate Court of Tuscaloosa County, on June 25, 1984, he had a lien on the real property in that county inherited by Bobby Bigham that was subject to levy and sale under execution, the lien being subject to the statutory power in Patricia Bigham Smith as administratrix to have the property sold for payment of the debts of the estate.
Section 43-8-295, Code 1975, provides that the right to disclaim property or an interest therein is barred if the property is encumbered. Therefore, by virtue of the plaintiff's lien, Bobby Bigham's disclaimer of interest in the real property that his father owned at the time of his death was of no effect. The statute was clearly intended to protect judgment creditors such as the plaintiff in this case.
The law on fraudulent conveyances is expressed in § 8-9-6, Code 1975:
 "All conveyances or assignments in writing, or otherwise, of any estate or interest in real or personal property . . . made with intent to hinder, delay or defraud creditors, purchasers or other persons of their lawful actions, damages, forfeitures, debts or demands . . . are void."
Thus, under the statute, the concurrence of three elements is necessary before a conveyance can be declared fraudulent: (1) that the creditor was defrauded; (2) that the debtor intended to defraud; and (3) that the conveyance was of property out of which the creditor could have realized his or her claim or some portion of it. However, in Granberry v. Johnson, 491 So.2d 926
(Ala. 1986), the Court noted:
 "In Smith v. Wilder, 270 Ala. 637, 120 So.2d 871
(1960), this Court further articulated some of the principles governing fraudulent conveyances. An existing creditor seeking to set aside a conveyance may do so because of either actual fraud or constructive fraud. Actual fraud denotes the actual mental operation of intending to defeat or delay the rights of the creditor. On the other hand, constructive fraud is based on facts and circumstances which courts have said constitute legal fraud, regardless of actual intent. The term 'constructive fraud' is generally used to refer to those instances where a grantor, indebted at the time, conveys property without receiving valuable consideration. 270 Ala. 649, 120 So.2d at 882. See also J.C. Jacobs Banking Co. v. Campbell, 406 So.2d 834, 841-42 (Ala. 1981).
 "The Smith Court further stated that where one seeks to set aside a conveyance because of constructive fraud, the complainant bears the burden of showing that his or her debt antedated the conveyance. When such proof is made, the burden shifts to the grantee to show that (1) the grantor owed a debt to the grantee; (2) the consideration for the conveyance was the extinguishment of the existing debt; and (3) the value of the property conveyed was no more than a fair equivalent for the debt amount. Smith v. Wilder, 270 Ala. at 650, 120 So.2d at 883. Conveyances of property between family members in the face of a pending suit against the grantor must undergo especially careful scrutiny. Reese v. Smoker, 475 So.2d 506
(Ala. 1985).
 "The Granberrys presented evidence that their claims, fixed by the date of the collision (January 9, 1983), preceded the date of the conveyance (January 28, 1983), thus shifting the burden to the defendants to justify the conveyance. The defendants offered no evidence that Johnson owed her daughter a debt or that the conveyance was intended to extinguish a debt. In fact, the defendants conceded that no consideration was given for the conveyance. Because the defendants *Page 1347 
did not meet their burden, Johnson's intent to defraud or hinder the Granberrys' recovery (if they won the pending negligence action) must be inferred from the facts as a matter of law. The trial court's judgment for the defendants was erroneous; the conveyance should have been set aside."
491 So.2d at 928-29.
The principles enunciated in Granberry are applicable in the present case. Bobby Bigham's disclaimer constituted a transfer of his interests in the personal property of his father's estate to his son. See §§ 43-8-294; 43-8-42; and 43-8-45, Code 1975. It is well established that the form of the transaction by which property, liable to the satisfaction of the demands of creditors, is fraudulently sought to be placed beyond their reach is not material. This Court looks beyond mere form to the substance of the transaction. Birmingham Trust Savings Co. v.Shelton, 231 Ala. 62, 163 So. 593 (1935). Bobby Bigham was insolvent at the time he executed the disclaimer. There is simply nothing in the record tending to show that he executed the disclaimer for any reason other than to place whatever property he expected to receive from his father's estate out of the plaintiff's reach. Consequently, Bobby Bigham's disclaimer of interest in the personal property to which he is entitled from his father's estate is void.
We should note for the sake of guidance that as to personal property not exempt from administration and the payment of debts or charges against the estate, the legal title at the death of the intestate passes to the personal representative; that the interests of the distributees are secondary and are not converted into unqualified ownership except through the process of administration. Patton v. Darden, 227 Ala. 129,148 So. 806 (1933). Therefore, while an administratrix may be garnished for debts owed by a distributee, no judgment can be entered against her (except by consent) until there is a settlement of the estate. § 6-6-411, Code 1975.
For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded.
REVERSED AND REMANDED.
MADDOX, ALMON, BEATTY and ADAMS, JJ., concur.
[1] Bobby Bigham is the son of the deceased, John Thomas Bigham. Bobby Bigham has a son who is also named John Thomas Bigham. Patricia Bigham Smith is Bobby Bigham's sister.These are the only children of the deceased. The deceased was not survived by a wife.
[2] A guardian ad litem was appointed to represent the child.